*87
 
 Stephenson, J.
 

 While there are many figures in these eases, the figures in no wise affect the question involved.
 

 It is patent from the stipulations that Cuyahoga county, the city of Cleveland, the Board of Education of the city of Cleveland, the city of Lakewood and the village of Middleburg Heights have lost taxes through the failure of the depositaries therein named.
 

 County officials insist that this loss should be shared by the local subdivisions, while the officials of the subdivisions insist that the loss is no funeral of theirs— that such loss should be absorbed by a county levy. The county officials insist that if the contention of the subdivisions is upheld, it will ruin the county. Officials of the subdivisions insist that if the contention of the county officials is upheld, it will ruin the subdivisions. Consequently, if such contentions are true, as this court cannot hold both ways, some one will be ruined in any event.
 

 This is not the first time this line of argument has been advanced, and in all probability will not be the last time. This court fully appreciates the fact that this is a time of financial stress, and right now it really hurts to be on the losing end of any lawsuit, but we cannot have one law for our periods of opulence and another for oúr eras of distress. The extent of the hurt in this, as in every other case, will depend more upon the attitude of the warring clans toward each other after its determination than upon the determination itself.
 

 Counsel cite us no law bearing directly upon the question involved, and there is a good reason — there isn’t any. True, some cases bear remotely on the question involved. With this glimmer to guide us we must simply follow the rule of reason.
 

 The General Assembly of Ohio at no time anticipated, in view of the bulwarks it had reared to prevent it, that taxes would be lost to the state or any subdi
 
 *88
 
 vision thereof, after collection and before expenditure; hence the paucity of law on the question herein involved.
 

 The County Auditor of Cuyahoga county, on July 17, 1933, deducted and withheld from the distributive shares of taxes payable to the subdivisions of Cuyahoga county herein complaining, as ascertained by the tax settlement of May 1933, certain sums, on account of frozen assets in closed county depositaries. The allocation was made on the basis of frozen accounts in the closed depositaries as of February 28, 1933.
 

 Deductions were made at this
 
 one
 
 time for all frozen accounts.
 

 The taxes from which these deductions were made were the taxes levied for the first half of the year 1932.
 

 We start primarily with the fundamental principle that taxes levied by and collected for a subdivision belong to that subdivision. The fact that after collection and before distribution they are commingled in an “undivided tax fund” in no wise diminishes the right of the subdivision to its taxes, nor does it warrant the interference of any officer, county or state, with its honest expenditure by the subdivision wherein it was levied and for which it was collected.
 

 The law of commingling has no application whatever to these cases, and taxes are not fungible goods.
 

 It is contended that a county is no more nor less than an aggregation of subdivisions. This is true, geographically speaking, but in no other respect. The subdivision has a distinct political life that it is entitled to live for itself. The county as an entity is similarly blessed.
 

 Counsel for the county officials are somewhat emphatic in their argument to the effect that as a taxpayer is a county taxpayer as well as a subdivision taxpayer, the objection of the subdivisions to the allocation of the frozen taxes is
 
 reductio ad absurdum.
 

 
 *89
 
 We do not so regard it, bnt we do not reach that question.
 

 A long dissertation upon the respective duties of the County Auditor and County Treasurer with reference to the funds of the subdivisions of the county might be interesting, but would assist no one.
 

 Because of the fact that the General Assembly of the state of Ohio had not anticipated the loss of tax money, no officer or officers has or have been empowered to adjust such loss. The County Auditor and County Treasurer of a county are creatures of statute. They can exercise only such powers as are expressly delegated by statute, together with such implied powers as are necessary to carry into effect the powers expressly delegated.
 

 The County Auditor had no authority to order or direct the County Treasurer to withhold the taxes herein involved, and the County Treasurer had no right to withhold their payment to such subdivisions.
 

 We find no error in the record in case No. 24505,
 
 Zangerle, Auditor of Cuyahoga County, et al.
 
 v.
 
 City of Cleveland et al.,
 
 and the judgment of the Court of Appeals therein is affirmed.
 

 Writs of mandamus are allowed as prayed for in case No. 24400,
 
 The State, ex rel. Kuntz, Treasurer of the Village of Middleburg Heights,
 
 v.
 
 Zangerle, Auditor of Cuyahoga County,
 
 and in case No. 24418,
 
 The State, ex rel. Rees, Director of Finance of the City of Lakewood,
 
 v.
 
 Zangerle, Auditor of Cuyahoga County.
 

 Judgment affirmed in Cause No. 24505.
 

 Writ of mandamus allowed in Cause No. 24400.
 

 Writ of mandamus allowed in Cause No. 24418.
 

 Weygandt, C. J., Jones, Matthias, Day and Zimmerman, JJ., concur.