STATE, EX REL. BALLARD, PLAINTIFF-RELATOR, *v.* McKELVEY, AUDITOR, DEFENDANT-RESPONDENT.

Common Pleas Court, Monroe County.

No. 16026.   Decided June 23, 1961.

*Messrs. Burkhart & Ballard* and *Mr. Allan Sherry*, for plaintiff.

*Mr. T. J. Kremer, Jr.*, prosecuting attorney, for defendant.

(Belt, J, of Belmont County, sitting by assignment in Monroe County.)

Belt, J. This is a proceeding in mandamus against the Respondent, Guy S. McKelvey, as Auditor of Monroe County, Ohio. The complaint is that on or about the 15th day of April of this year the Relator presented a certain deed, a copy of which is attached and made a part of the Petition marked Exhibit "A," and a certificate of transfer of said real estate, a copy of which is attached to the Petition marked Exhibit "B," to the Defendant, the Respondent, for transfer upon the tax duplicates of Monroe County. It is the claim of the Relator that he paid the necessary fee and did all of the things prerequisite to the transfer of said real estate by the Auditor, but that the Auditor refused to make such transfer of said instruments and manifests an intention, under a rule adopted by said Auditor, to refuse all instruments presented for transfer, unless approved, insofar as description is concerned by the County Engineer, which refusal is alleged to be contrary to law and that the Relator has no adequate remedy at law.

The prayer is that the Court define the duties of the County Auditor in such respects, and prays for the issue of a Writ of Mandamus to compel such transfer, with or without the approval of the County Engineer.

To this Petition, a Demurrer has been filed by the Defendant-respondent, which Demurrer is hereby overruled. An Answer has also been filed by the Defendant-respondent, in which answer the defendant admits his refusal as Auditor to transfer the documents referred to as Exhibits "A" and "B" unless such documents were first presented to the County Engineer for approval or disapproval of the descriptions of the real

estate contained in said instruments. It is further alleged that the Plaintiff-relator refused to submit such instruments to the County Engineer for approval or disapproval as to the correctness of the descriptions contained therein.

Further answering, the Defendant-respondent denies all of the other material allegations contained in the Petition.

The certificates of transfer referred to as Exhibits "A" and "B" describe the real estate as follows:

"Parcel One: Situated in the Town of Stafford, County of Monroe and State of Ohio; being part lot No. 15 in the Stafford Corporation containing 35/100 of an acre, more or less.

"Reference Deed recorded in Deed Book 122, Page 469, Monroe County Deed Records."
which describes the property as being part of lot 15 in the Stafford Corporation, Monroe County, Ohio, containing 35/100 of an acre.

"Parcel Two: Situated in the Town of Stafford, County of Monroe and State of Ohio, being part Lot No. 11.

"Reference deed recorded in Deed Book 127, Page 359, Monroe County Deed Records," which has this information:

"Deed recorded in Vol. 125, Page 77 of the Deed Records of Monroe County, Ohio."

"Parcel three: Situated in the township of Franklin, County of Monroe, State of Ohio, Tract I. The south east quarter of the south east quarter of Section 21, township 6, Range 7, containing 40 acres, more or less. Also 1-1/9 acres being the S. W. corner of the S. W. quarter of the S. W. quarter of Section 15, Township 6, Range 7, commencing for the same at the S. W. corner of the S. W. quarter of said section, township and range, thence north with section line to a drain 23 rods, thence in a south eastern direction to the east and west section line 28 rods, thence West 16½ rods with section line to the place of beginning, containing 1-1/9 acres, more or less.

"TRACT II. All the land that lies North and West of the center of the Township Road and in, out and from the following tract of land; In the Late Marietta Land District, and bounded and described as follows: The Northeast quarter of the Northeast quarter of Section 20, Township 6, Range 7, with the exception of 11.07 acres of west wide of the foresaid quarter, bounded and described as follows, commencing for the same at

the southwest corner of the aforesaid quarter; thence S. 89 degrees E. 16 rods and 16 links; thence N. 33-¾ degrees E. 17 rods and 7 links, thence N. 5¼ degrees W. 67 rods and 6 links; thence N. 89 degrees W. 18 rods and 13 links, thence S. 1¼ degrees W. 81 rods and 2 links to the place of beginning, containing 11.07 acres. Conveying herein approximately 14½ acres, in this tract.

"Reference Deed recorded in Deed Book 120, Page 561, Monroe County Deed records."

The deed referred to as containing 35/100 of an acre and the other deed described as being part of Lot 11 were evidently not prepared by a lawyer, and neither contains a description by which a licensed engineer could locate the property with any degree of accuracy. If such practice in preparing real estate instruments for transfer was widespread, in the course of time chaos would result. A practicing lawyer has a duty to perform his duty, and one of the duties incumbent upon a lawyer would be to refuse to prepare a description until the description was made reasonably definite.

Two issues are presented by the pleadings, the evidence and the law in this case.

The first issue is whether or not it is within the bounds of legal propriety for a County Auditor to promulgate a rule providing that before a conveyance of real estate is transferred upon the tax duplicate it is legal for the Auditor to require that the deed or conveyance be first presented to the County Engineer for inspection and determination as to the adequacy of the description.

The second issue is whether or not a County Auditor may refuse a transfer because of the legal insufficiency of a description.

It is a cardinal rule that descriptions of real estate must be such that a competent engineer can locate the property conveyed. Describing the property as 35/100 of an acre as a part of Lot 15 and the description of the part of Lot 11 does nothing except, that the grantee may have an undescribed interest in such part of the lot or land in question. Such descriptions are wholly inadequate and if this practice were largely followed, no County Auditor could prepare a plat of land and lots in the county for tax purposes, which duty upon

the part of a County Auditor is mandatory. Neither a County Auditor nor a County Recorder have anything to do with titles, which is equivalent of saying that so long as a description is correct, neither the Auditor nor Recorder guarantees a good title to the real estate involved, and it has been held and is the law that whether or not anyone has title to certain real estate, that fact, standing alone, would not warrant the Auditor to refuse a transfer or the Recorder to record for the reason that neither are guaranteeing the adequacy of title, they only being interested in correct descriptions. That thread is well recognized by the courts and by statute. When a tract of land is divided and is separately owned by two or more owners, the Auditor shall certify the apportionment of taxes to the County Treasurer. A reading of the various statutes assumes that the descriptions as to ownership are correct, which must necessarily be true to enable the Auditor to perform his work in a division of the taxes.

It is provided by statute, Section 319.20, Revised Code, that on application and presentation of title with the affidavits required by law, or the proper order of the Court, the County Auditor shall transfer any land or town lot or part thereof, charged with taxes on the tax list, from the name in which it stands into the name of the new owner when rendered necessary by conveyance, partition, division, descent, or otherwise. The section contains other formal provisions not now necessary to mention but nevertheless important. This section is implemented by Section 5713.09, Revised Code, which authorizes the County Commissioners to designate the County Engineer for the making, correcting, and keeping up to date a complete set of tax maps of the county, empowering the County Commissioners to employ the necessary help to do so, and that all parcels of land and all divisions, subdivisions, and allotments be shown with the name of the owner and all transfers showing the lot or parcel transferred, and so forth, so that such map shall furnish the County Auditor information for entering on the tax duplicate, a correct and proper description of each lot or parcel.

There seems to be no question but that a County Auditor may require the approval of the County Engineer or his assistant before a deed can be transferred and recorded. Such rule may be necessary and apparently is necessary to enable the

County Auditor to make up the required tax maps. Every elected official of a county may promulgate reasonable rules to facilitate the work which such official is required by statute to perform.

In the case of *State, ex rel. Preston, Director of Highways, v. Shaver, Recorder*, reported in 172 Ohio St., 111, which case appears in the April 10, 1961, issue of The Ohio BAR, the Supreme Court holds in substance that it is not error for the Court to deny a writ of mandamus where the evidence is such as to support the Court's finding that the description of the property is not definite, accurate and detailed. In the course of the opinion, the Court said:

"We think that, in the performance of those duties, he, as a ministerial officer, may exercise some discretion and is not absolutely required to accept, record and index every instrument presented to him."

This view is strengthened by the provisions of Section 319.28, Revised Code, making it incumbent upon the County Auditor to prepare in tabular form a tax duplicate, one copy of which shall be delivered to the County Treasurer.

Section 5713.09, Revised Code, provides that the County Commissioners may designate the County Engineer for the purpose of making, correcting and keeping up to date tax maps of the county, which maps shall show all original lots and parcels, the specific provision in that section is that such maps shall furnish the County Auditor information for entering on the tax duplicate, a correct and proper description of each lot or parcel offered for transfer.

Section 5713.14, Revised Code, provides that the County Auditor may require the owner to produce to him at his office title papers and surveys of the several subdivisions as well as the section, tract, lot or part thereof subdivided, on a certain day, not longer than thirty nor less than ten days from the date of notice; and the next section, Section 5713.15, Revised Code, provides that if the owner fails to appear and to produce the title papers or produces them in such manner that the County Auditor can not plat and number the subdivisions without a survey, the Auditor may require such owner or occupier to cause a survey to be made within twenty days and to deliver the same to the County Recorder for record and, if that is not

done, the County Auditor may cause the subdivision of such survey, section, tract, lot, or part thereof to be surveyed, platted and numbered by the County Engineer and recorded by the Recorder, and the Auditor shall add the expense to the tax on such subdivisions in proportion to the quantity of land in each, and the expenses shall be collected as other taxes against the land and, when collected, paid over to the parties entitled thereto on the warrant of the Auditor.

There are other sections, among which is Section 5713.19, Revised Code, providing for the correction of errors, adding omitted property, and other provisions, to the end that the code provisions seem to be entirely adequate for such records as may be necessary for the Auditor to intelligently provide a tax duplicate.

Section 119.03, Revised Code, provides for the adoption, amendment or rescission of any rule and in so doing the agency shall comply with certain procedures which are outlined in the sections. A Board of Tax Appeals under such statutory provisions has promulgated certain rules, among which is, that tax maps shall accurately indicate the area, acreage, or dimensions of each lot, tract or parcel of land in the county with a legal description. It need not be pointed out that apparent dangers arising from misdescriptions or inaccurate descriptions would in time create a serious situation.

A rule limiting an action in mandamus is circumscribed by statute and by the Courts so that an extended discussion of the limitations in a mandamus proceeding seems to be unnecessary. By and large, the state tax authorities and the State Auditor exercise very great control over County Auditors, and County Auditors must observe and use the forms that are promulgated by the respective state departments and obey such instructions as may be legally given. Section 115.40, Revised Code.

Reference is here made to two opinions of the Attorney General, which opinions are not necessarily the law but are entitled to considerable weight. In an opinion in the year 1936, reported in Volume 3, page 1460, the Attorney General says, among other things, that the County Auditor must transfer a conveyance of real estate which is properly described. In reply to the question: ''Can the County Auditor legally refuse to

transfer the real estate in this case, or in any case, if there is no question about the parcel, acreage and location of the real estate to be conveyed?" his answer is that it is the mandatory duty of the Auditor, providing the description is correct, in which he cites certain cases.

In another opinion reported in 1942, at page 351, he says that the imperative nature of the duty of a County Auditor is to endorse "transferred" or "transfer not necessary" on a deed in proper form, which means a deed containing a correct description. A correct description is stressed in all of the citations, whether by the Attorney General or the Courts.

In the case of *State, ex rel. William L. West,* v. *Robert C. Wright, et al,* reported in 22 O. C. C., N. S., 105, the Circuit Court of Cuyahoga County held that a certificate of tax sale which describes the property sold as being "5-12 A. in forks of road" is so indefinite that any deed made therefor would be void for uncertainty, and the Court will not do a vain thing by ordering the execution of such deed, using this language:

"The deed which we should order to be made, if we were to grant the prayer of this petition, would upon the authority of this decision of our Supreme Court" which is *Winkler* v. *Higgins,* 9 Ohio St., 600, "necessarily be void, and the granting of the relief prayed for would amount to self-stultification on the part of the court." *State* v. *Burg,* 19 Ohio St., 316; *State* v. *McGregor,* 44 Ohio St., 628.

See also *Sipe, Auditor,* v. *State, ex rel. Mansfield,* 86 Ohio St., 80; *Dye, Auditor,* v. *State, ex rel. Davis,* 73 Ohio St., 231; *State, ex rel. Crawford,* v. *McGregor,* 44 Ohio St., 628; Sections 5713.09, 5713.10, 5713.11, 5713.12, 5713.13, 5713.14 and 5713.15, Revised Code.

The above sections comprise a complete solution to the question here presented.

Special attention is called to Section 5713.15, Revised Code, which section, in the opinion of the Court, should be followed by the County Auditor.

Many inaccuracies occur in recopying descriptions, some of which may readily be detected by either a lawyer or an engineer. North 15 degrees West may be copied as North 15 degrees East. Such a mistake may be readily corrected. But in the case at bar, no such correction can be made without a survey

of the property in possession of the grantor. With the engineer's corrections or a new survey, reasonably accurate tax maps will become a reality in the not too far distant future.

The holding of the Court is in favor of the County Auditor and against the Relator, and the Petition in Mandamus is hereby dismissed, at the costs of Monroe County.

The entry:

"Petition of F. Vincent Ballard, the Relator herein, is hereby dismissed. The County of Monroe to pay the costs."