STATE, EX REL. BALLARD, PLAINTIFF-APPELLANT, *v.* McKELVEY, AUDITOR, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Monroe County.

No. 375. Decided December 9, 1961.

*Mr. F. Vincent Ballard, Mr. George F. Burkhart, Donna Baker, Mr. Allan Sherry* and *Mr. Capel E. Matz,* for plaintiff-appellant.
*Mr. T. J. Kremer, Jr.,* for defendant-appellee.

*Per Curiam.* Judgment affirmed on authority of *State, ex rel. Preston, Director of Highways,* v. *Shaver, Recorder,* 172 Ohio St., 111, and the well rendered opinion of Judge Belt upon the trial of the matter.

It would seem vain for us to mandamus the acceptance of the instrument by the Auditor, who could under authority of *State, ex rel. Preston, Director of Highway,* v. *Shaver, Recorder,* 172 Ohio St., 111, refuse to endorse that instrument as "transferred" if the description therein was not reasonably accurate.

In the event of refusal by the auditor to accept an instrument for transfer in a given situation under circumstances that were arbitrary or capricious, or in such situation if it appears that unreasonable conditions precedent to acceptance of the instrument have been imposed by the auditor then mandamus would issue.

Lawyers or parties in the instant situation should do that which is reasonably required by the auditor in the public interest

and should not call upon the help of this court to enforce acceptance of the instrument by the auditor before doing so.

Mandamus rests to some extent in the discretion of the trial court.

"It is the well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ. It is manifest, therefore, that mandamus will not be awarded in all cases, even where a prima facie right to relief is shown, but regard will be had to the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow on a refusal of the writ, and other facts which have a bearing on the particular case. A court in exercising the extraordinary power of mandamus will take into consideration the facts and circumstances existing at the time it determines whether to issue a peremptory writ. Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless." 35 Ohio Jurisprudence (2d), 285.

There was certainly no abuse of discretion here, and for that reason the judgment of the trial court must be affirmed.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.