OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Taraloca Land Company, Appellant, v. Fawley,
Cty. Aud., Appellee.
[Cite as State ex rel. Taraloca Land Co. v. Fawley (1994),
Ohio St.3d    .]
Mandamus to compel county auditor to transfer a parcel on the
     tax list -- Writ allowed, when.
     (No. 93-1583 -- Submitted July 27, 1994 -- Decided
September 28, 1994.)
     Appeal from the Court of Appeals for Highland County, No.
92CA817.
     Relator-appellant, Taraloca Land Company ("Taraloca"),
owned Parcel No. 06-25-000-194, three-tenths of an acre in
Concord Township, Highland County.  On or about May 20, 1992,
Taraloca executed a deed conveying that parcel to Jon D.
Moulton.  The deed contained a detailed description of the
parcel; however, that description was inconsistent with the
records in the county tax map office.
     Under R.C. 317.22(B), an absolute conveyance of land may
not be recorded until the county auditor has endorsed
"transferred" on the conveyance, signifying that the land being
conveyed has been transferred to the grantee's name on the
county tax list.  See R.C. 319.20.  Accordingly, Taraloca's
president submitted the deed for transfer and endorsement to
respondent-appellee, the Highland County Auditor.  However, the
auditor refused to transfer the parcel on the tax list, on the
ground that the deed inaccurately described the parcel.  The
auditor informed Taraloca that a new survey was required.
     Taraloca then filed a complaint in mandamus in the Court
of Appeals for Highland County.  Taraloca sought a writ
compelling the auditor to transfer Parcel No. 06-25-000-194 to
Moulton on the tax list, irrespective of any defects in the
deed's description of the parcel.  The court of appeals found
that the auditor had no clear legal duty to do so, and
therefore denied the writ.
     The cause is before this court upon an appeal as a matter
of right.

     Hapner & Hapner and James D. Hapner, for appellant.

Rocky A. Coss, Highland County Prosecuting Attorney, for appellee.

Per Curiam.  R.C. 319.20 provides in part: "After complying with section 319.202 of the Revised Code and on application and presentation of title, with the affidavits required by law, * * * the county auditor shall transfer any land * * * charged with taxes on the tax list, from the name in which it stands into the name of the owner, when rendered necessary by a conveyance * * *."  (Emphasis added.)

Also, the final paragraph of R.C. 319.20 reads: "The auditor shall endorse on the deed or other evidences of title presented to him that the proper transfer of the real estate described in such deed has been made in his office or that it is not entered for taxation, and sign his name to such deed. * * *"  (Emphasis added.)

The word "shall" must be construed as mandatory here.  See Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus.  Thus, the auditor has a duty to transfer land on the tax list "when rendered necessary by a conveyance," provided that "the affidavits required by law" are submitted and R.C. 319.202 has been complied with.  (R.C. 319.202 requires the grantee to submit a declaration of the property's value and the grantor to pay a fee.)  Here, the auditor stipulates that he has refused to transfer a parcel for a reason other than noncompliance with these statutory prerequisites for transfer.

However, the auditor contends that he has no duty to endorse a deed inaccurately describing the property conveyed.  He cites State ex rel. Preston v. Shaver (1961), 172 Ohio St. 111, 15 O.O.2d 202, 173 N.E.2d 758, and State ex rel. Ballard v. McKelvey (C.P. 1961), 89 Ohio Law Abs. 407, 20 O.O.2d 465, 184 N.E.2d 124, affirmed (App. 1961), 89 Ohio Law Abs. 415, 186 N.E.2d 144.  In Preston, a county recorder refused to accept, record, and index certain instruments granting easements in registered land, on the ground that the instruments did not so describe the easements that the recorder could locate them without a surveyor's aid.  Affirming the denial of mandamus relief, we held that the recorder need not "accept, record and index every instrument presented to him."  172 Ohio St. at 114, 15 O.O.2d at 203, 173 N.E.2d at 760.  Citing Preston, the common pleas court in Ballard extended similar discretion to a county auditor to reject a deed inaccurately describing the land conveyed.

We think Preston lends no support to the auditor's argument.  In Preston, we noted: "We are dealing here with registered land, and [R.C.] 5309.79 * * * provides that in every voluntary instrument used to transfer a part of land conveyed by a certificate of title 'an accurate description of such part enabling it to be definitely located and platted shall be given.'"  172 Ohio St. at 114, 15 O.O.2d at 203, 173 N.E.2d at 760.  Since a statute specifically required that the instrument accurately describe the land conveyed, the recorder in Preston had no duty to record instruments that did not.  But here we are not dealing with registered land, and the auditor cites no comparable statute that applies to non-registered land.

Instead, the auditor claims implied authority to require

that a deed presented for transfer accurately describe the land conveyed, and to refuse to make the transfer if the deed's description is inaccurate. Such authority, he argues, is essential if he is to execute his statutory duties. See Ballard, supra, 89 Ohio Law Abs. at 411-412, 20 O.O.2d at 467, 184 N.E.2d at 126.

We do not doubt that the auditor needs accurate descriptions of real property to do his job. As "the assessor of all the real estate in his county," R.C. 5713.01(A), the auditor "appraises each lot or parcel and places the correct value of each property on his tax list and on the county treasurer's duplicate." State ex rel. Rolling Hills Local School Dist. Bd. of Edn. v. Brown (1992), 63 Ohio St.3d 520, 521, 589 N.E.2d 1265, 1266. To appraise each parcel "at its true value," R.C. 5713.01(B), the auditor needs to know its precise description. He also needs accurate descriptions of real property to carry out his recordkeeping duties under R.C. 5713.01(D), 5713.09, and 5713.19.

However, the auditor can obtain accurate descriptions without refusing to perform his duty under R.C. 319.20. R.C. 5713.02 provides that, when an assessor (i.e., the auditor or his delegate) "deems it necessary to obtain an accurate description of any separate tract or lot in his district, he may require the owner or occupier thereof to furnish such description * * *." If the owner or occupier does not comply, the assessor may have the property surveyed at the owner's expense. Thus, the auditor can get an accurate description of a given parcel whenever he needs one. He has no need -- and hence no implied power -- to condition his performance of a duty on the making of a survey.

Formerly, some county auditor's offices did have the power the auditor claims here -- power to withhold endorsement from deeds inaccurately describing the land conveyed. In 1892, the General Assembly required certain counties "to employ an expert draughtsman * * * who shall be under the control of the county auditor." 89 Ohio Laws 220, 221, Section 1. The draughtsman was to examine all deeds, determine whether they correctly described the land intended to be conveyed, and "reject any and all deeds in which the description of the property is not correct * * * until such descriptions are carefully and accurately made." (Emphasis added.) 89 Ohio Laws 220, 221, Section 2.

In 1900, however, the General Assembly deleted from the Act the draughtsman's authority to examine deeds and reject those with incorrect descriptions. 94 Ohio Laws 558. As subsequent General Assemblies have not restored that power to auditors, we conclude that they did not mean for auditors to have it. See 1936 Ohio Atty.Gen.Ops. No. 6120, at 1464-1467.1 "It is not the function of the auditor to pass upon the authenticity or validity of deeds." 1942 Ohio Atty.Gen.Ops. No. 5142, at 353.

Where an auditor has a legal duty to transfer real property from one name to another on the tax list, mandamus will lie to compel him to do so. See State ex rel. U.S. Mortg. & Trust Co. v. Godfrey (1900), 62 Ohio St. 18, 56 N.E. 482. Accordingly, we reverse the judgment of the court of appeals and allow a writ of mandamus directing the auditor to transfer

Parcel No. 06-25-000-194 on the tax list from Taraloca Land Company to Jon D. Moulton, provided Taraloca Land Company and Moulton comply with the prerequisites specified in R.C. 319.20.

Judgment reversed<br>and writ allowed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1    The Attorney General overruled this opinion at 1986 Ohio Atty.Gen.Ops. No. 86-028, at 2-148, fn.2.  However, the overruling opinion relied exclusively on Ballard, a case we reject, and did not consider the legislative history cited in the 1936 opinion.