[Cite as *State ex rel. H&S Invest. Properties, L.L.C. v. Yamamoto*, 2026-Ohio-1505.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO ex rel.
H&S INVESTMENT PROPERTIES,
L.L.C.,

      Relator,

      - vs -

SCOTT YAMAMOTO,
ASHTABULA COUNTY AUDITOR,

      Respondent.

CASE NO. 2025-A-0066

Original Action for Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Petition dismissed

---

*Dennis D. DeCamillo*, DeCamillo Law LLC, 1027 Lake Avenue, Ashtabula, OH 44004 (For Relator).

*April R. Grabman*, Ashtabula County Prosecutor, *Earl Stoll*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1} Relator, H&S Investment Properties, LLC, filed a petition for writ of mandamus against Respondent, Scott Yamamoto, Ashtabula County Auditor, seeking to compel Respondent to update the tax list and duplicate to reflect Relator's correct legal name. This matter is before the Court on Respondent's motion to dismiss and on Relator's motion for summary judgment.

{¶2}    For the reasons that follow, we grant Respondent's motion to dismiss and dismiss Relator's petition.  Based on that disposition, we overrule Relator's motion for summary judgment as moot.

## Background

{¶3}    On December 2, 2025, Relator filed a petition for writ of mandamus against Respondent, alleging as follows:

{¶4}    Relator is an Ohio limited liability company and is the fee-simple and titled owner of real property located in Ashtabula County, Ohio, identified as parcel number 21-032-00-232-00, as evidenced by a duly recorded deed shown in the Ashtabula County Recorder's records at Volume 842, Page 2449.  A purported copy of the deed is attached to Relator's petition as Exhibit A and is incorporated therein.

{¶5}    Respondent is the duly appointed Ashtabula County Auditor and is charged by law with keeping the real property tax list and duplicate and maintaining accurate records of property ownership pursuant to R.C. 319.28.

{¶6}    At the time Relator's deed was recorded, Relator was known as Damon Harris Properties, LLC.  Relator changed its legal name with the Ohio Secretary of State and is now known as H&S Investment Properties, LLC.  To evidence this name change and to provide record notice of continuity of title, Relator executed and filed an Affidavit of Fact Relating to Title pursuant to R.C. 5301.252 on or about August 29, 2025.  The Ashtabula County Auditor duly acknowledged, accepted, and endorsed the affidavit, and the Ashtabula County Recorder recorded and indexed the affidavit at Volume 851, Page 1620.  The affidavit thereby became part of the official chain of title.  A purported copy of the affidavit is attached to Relator's petition as Exhibit B and is incorporated therein.

{¶7} Despite the recording of the affidavit and the statutory recognition of such instruments, Respondent has refused and continues to refuse to update the name of the property owner on the tax list and duplicate to reflect Relator's correct name. Respondent's refusal to update the tax list causes injury to Relator, including clouding title, misidentifying the owner for tax purposes, and interfering with Relator's rights in connection with its property.

{¶8} Relator asserts that he has a clear legal right to have the tax lists reflect its correct legal name as established by the affidavit recorded under R.C. 5301.252 and that Respondent has a clear legal duty under R.C. 319.28 to maintain accurate tax lists reflecting the true owner of record as shown by duly recorded instruments. Relator also asserts that he has no adequate remedy in the ordinary course of law to compel Respondent's compliance and that only a writ of mandamus can compel Respondent to perform the statutorily required ministerial act.

{¶9} Relator requests the following relief: (1) an alternative writ of mandamus directing Respondent to forthwith update the tax list and duplicate to reflect Relator's correct legal name as owner of the subject property or to show cause why he has not done so; (2) upon final hearing, a peremptory writ of mandamus compelling Respondent to perform said duty imposed by R.C. 319.28; (3) the costs of this action as permitted by law; and (4) such other and further relief as may be just and proper.

{¶10} On December 17, 2025, this Court filed an alternative writ.

{¶11} On December 19, 2025, Respondent filed a motion to dismiss Relator's petition.

Case No. 2025-A-0066

{¶12} On January 8, 2026, Relator filed a combined brief in opposition to Respondent's motion to dismiss and motion for summary judgment.

{¶13} On January 27, 2026, Respondent filed a combined brief in opposition to Relator's motion for summary judgment and reply in support of its motion to dismiss.

{¶14} On February 17, 2026, Relator filed a reply in support of its motion for summary judgment.

**Motion to Dismiss**

{¶15} We first consider Respondent's motion to dismiss, which is dispositive. "Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to a writ of mandamus." *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8. "However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12. "We may consider documents attached to or incorporated into the complaint when ruling on a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8.

{¶16} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "'The function of mandamus is to compel the performance of a present existing duty as to which there is a default.'" *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 168 (1983), quoting *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 96 (1967). "To be

entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Gadell-Newton v. Husted*, 2018-Ohio-1854, ¶ 6. "Where an auditor has a legal duty to transfer real property from one name to another on the tax list, mandamus will lie to compel him to do so." *State ex rel. Taraloca Land Co. v. Fawley*, 1994-Ohio-456, ¶ 15.

{¶17} In his motion to dismiss, Respondent concedes that Relator has a legal right to "request" that its name be updated on the tax list; however, Respondent disputes the "appropriateness" of Relator's chosen method, i.e., an Affidavit of Fact Relating to Title pursuant to R.C. 5301.252. Respondent also concedes that he has a "duty to maintain the tax list and duplicate in the name of record owners under R.C. 318.28." However, he contends that he satisfied his statutory obligation because the tax list and duplicate contain the name currently associated with the real property. Finally, Respondent contends that Relator has an adequate remedy in the ordinary course of law by complying with Respondent's transfer and conveyance standards. Respondent attached a purported copy of those standards to his motion as Exhibit A.

{¶18} In its brief in opposition, Relator asserts that Respondent has conceded the first two elements of mandamus and that the parties only dispute the third element. In his reply, Respondent disagrees with Relator's assertions. Upon review, we find that Respondent has disputed all three elements of mandamus. After presuming all factual allegations in Relator's petition to be true and drawing all reasonable inferences in its

favor, we find that it appears beyond doubt that Relator can prove no set of facts entitling it to a writ of mandamus.

## Clear Legal Right

{¶19}   In its petition, Relator asserts that it has a clear legal right to "have the tax lists reflect its correct legal name as established by the [Affidavit of Fact Relating to Title] recorded under R.C. 5301.252."  R.C. 5301.252 provides:

(A) An affidavit stating facts relating to the matters set forth under division (B) of this section that may affect the title to real estate in this state, made by any person having knowledge of the facts or competent to testify concerning them in open court, may be recorded in the office of the county recorder in the county in which the real estate is situated.  When so recorded, such affidavit, or a certified copy, shall be evidence of the facts stated, insofar as such facts affect title to real estate.

(B) The affidavits provided for under this section may relate to the following matters:

(1) Age, sex, birth, death, capacity, relationship, family history, heirship, names, identity of parties, marriage, residence, or service in the armed forces;

(2) Possession;

(3) The happening of any condition or event that may create or terminate an estate or interest;

(4) The existence and location of monuments and physical boundaries, such as fences, streams, roads, and rights of way;

(5) In an affidavit of a registered surveyor, facts reconciling conflicts and ambiguities in descriptions of land in recorded instruments.

(C) The county recorder for the county where such affidavit is offered for record shall receive and cause the affidavit to be recorded as deeds are recorded, and collect the same fees for recording such affidavit as for recording deeds.

(D) Every affidavit provided for under this section shall include a description of the land, title to which may be affected by facts stated in such affidavit, and a reference to an instrument of record containing such description, and

shall state the name of the person appearing by the record to be the owner of such land at the time of the recording of the affidavit. The recorder shall index the affidavit in the name of such record owner.

(E) Any person who knowingly makes any false statement in any affidavit provided for in this section is guilty of falsification under division (A)(6) of section 2921.13 of the Revised Code.

{¶20} In sum, "R.C. 5301.252 authorizes the recording of affidavits stating facts related to matters that may affect the title to real property, and when recorded, the document is evidence of the facts set forth." *Bogan v. Keith*, 2023-Ohio-4159, ¶ 18 (2d Dist.). Courts have explained that "an affidavit filed under [R.C. 5301.252] is ***not*** a deed" and "does not have the legal effect of a deed." (Emphasis in original.) *Id.* "An affidavit filed under R.C. 5301.252, 'in and of itself, creates no interest in the subject real estate.'" *Williams v. McClain*, 2019-Ohio-4802, ¶ 11 (2d Dist.), quoting *Catawba W., Inc. v. Domo*, 75 Ohio App.3d 80, 83 (6th Dist. 1991). "Rather, it is a statutory device for recording facts which *may* affect title to real estate in the state of Ohio." (Emphasis in original.) *Catawba* at 83. In other words, "the affidavit of facts is evidence of the facts asserted. It does not conclusively establish such facts." *Guar. Title & Trust Co. v. Am. Mtge. Solutions, Inc.*, 2001 WL 958798, *3 (5th Dist. Aug. 23, 2001).

{¶21} "What an R.C. 5301.252 affidavit can do . . . is make extrinsic facts part of the record to help establish marketable title." *Bogan* at ¶ 19. The Supreme Court of Ohio has described "marketable title" as that which "imports such ownership as insures to the owner the peaceable enjoyment and control of the land as against all others." *McCarty v. Lingham*, 111 Ohio St. 551 (1924), paragraph four of the syllabus. "[T]he purpose of R.C. 5301.252 'is to permit sworn statements . . . to become part of the recorded documentary evidence of title without the necessity of having the statements made as

Case No. 2025-A-0066

testimony in court in the course of an action to quiet title.'"  1990 Ohio Atty.Gen.Ops. No. 90-068, at 2-284, quoting Ohio Legislative Serv. Comm. analysis of 1971 Am.S.B. 205.

{¶22}  Contrary to Relator's assertion, R.C. 5301.252 says nothing about "tax lists" or a property owner's "correct legal name" on such lists.  While a recorded affidavit "may relate to . . . names," R.C. 5301.252(B)(1), it does not establish a name's correctness for any purpose, much less for purposes of the tax lists.  Therefore, Relator's reading of R.C. 5301.252 is incorrect.

{¶23}  In its brief in opposition, Relator cites *Vale v. Stephens*, 25 Ohio App. 523 (8th Dist. 1927), for the proposition that "in clear terms nearly 100 years ago, the Courts held that an affidavit is the proper method of correcting the name of a property owner." In *Vale*, the appellate court considered the legal effect of deeds in which the grantor's expressed intent was to "correct the record title to said premises" to indicate that she was married when she initially obtained title.  *Id*. at 525.  In dicta, the appellate court commented that "a simple affidavit in an abstract of title determining the question of identity is all that *could be required* to remove the cloud and to complete the chain of title." (Emphasis added.)  *Id*. at 527.  Importantly, *Vale* did not involve a R.C. 5301.252 affidavit or changing an owner's "correct legal name" on the "tax lists."  Therefore, *Vale* does not support Relator's legal position.

{¶24}  Accordingly, as a matter of law, R.C. 5301.252 does not provide Relator a clear legal right to "have the tax lists reflect its correct legal name as established by the [Affidavit of Fact Relating to Title] recorded under R.C. 5301.252."

Case No. 2025-A-0066

## Clear Legal Duty

{¶25} In its petition, Relator also asserts that Respondent has a clear legal duty under R.C. 319.28 to "maintain accurate tax lists reflecting the true owner of record, as shown by duly recorded instruments."

{¶26} A county auditor is a "creature[] of statute" and "can exercise only such powers as are expressly delegated by statute and only such implied powers as are necessary to carry into effect the powers expressly delegated." *State ex rel. Kuntz v. Zangerle*, 130 Ohio St. 84 (1935), paragraph one of the syllabus. One such statute is R.C. 319.28, which provides, in relevant part:

> [O]n or before the first Monday of August, annually, *the county auditor shall compile and make up a general tax list of real* and public utility *property in the county*, either in tabular form and alphabetical order, or, with the consent of the county treasurer, by listing all parcels in a permanent parcel number sequence to which a separate alphabetical index is keyed, *containing the names of the several persons, companies, firms, partnerships, associations, and corporations in whose names real property has been listed in each township, municipal corporation, special district, or separate school district, or part of either in the auditor's county*, placing separately, in appropriate columns opposite each name, the description of each tract, lot, or parcel of real estate, the value of each tract, lot, or parcel, the value of the improvements thereon, and of the names of the several public utilities whose property, subject to taxation on the general tax list and duplicate, has been apportioned by the department of taxation to the county, and the amount so apportioned to each township, municipal corporation, special district, or separate school district or part of either in the auditor's county, as shown by the certificates of apportionment of public utility property. If the name of the owner of any tract, lot, or parcel of real estate is unknown to the auditor, "unknown" shall be entered in the column of names opposite said tract, lot, or parcel. Such lists shall be prepared in duplicate. *On or before the first Monday of September in each year, the auditor shall correct such lists in accordance with the additions and deductions ordered by the tax commissioner and by the county board of revision*, and shall certify and on the first day of October deliver one copy thereof to the county treasurer. The copies prepared by the auditor shall constitute the auditor's general tax list and treasurer's general duplicate of real and public utility property for the current year.

(Emphasis added.) R.C. 319.28(B).

{¶27} The Supreme Court of Ohio has explained that "[t]he auditor prepares the tax list pursuant to R.C. 319.28. On the tax list, he records, *inter alia*, all the parcels in the county, the names of their owners, and the taxing district in which each parcel is located." *State ex rel. Rolling Hills Local School Dist. Bd. of Edn. v. Brown*, 63 Ohio St.3d 520, 521 (1992). A different statute, i.e., R.C. 319.20, "describes how the auditor shall transfer ownership of land on the tax list: '[T]he county auditor shall transfer any land . . . charged with taxes on the tax list, from the name in which it stands into the name of the owner, when rendered necessary by a conveyance . . . .'" *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 2000-Ohio-452, ¶ 12. According to the Court, "Clearly, the auditor's tax list is to contain the name of the owners," and "[i]t is presumed that the auditor does his or her job correctly and that the tax list contains the *correct names* of the owners of the property." (Emphasis added.) *Id*.

{¶28} Based on the Supreme Court's precedent, R.C. 319.28(B) may be reasonably construed as requiring the county auditor to prepare an *accurate* tax list. Contrary to Relator's assertion, however, R.C. 319.28(B) says nothing about a county auditor "maintaining" the tax list to "reflect[] the true owner of record" as "shown by duly recorded instruments." Rather, "[t]he only purpose for tax lists and duplicates is to list property in the county subject to taxation." *State ex rel. Oak Hill v. Brown*, 125 Ohio St. 171, 176 (1932). R.C. 319.28(B) requires the auditor to annually "compile" and "make up" the tax lists and to "correct such lists in accordance with the additions and deductions ordered by the tax commissioner and by the county board of revision." Thus, Relator's reading of R.C. 319.28 is incorrect.

Case No. 2025-A-0066

{¶29} While a different statute, i.e., R.C. 319.20, governs the transfer of land ownership under specified circumstances, Relator's petition does not cite R.C. 319.20, much less rely on it as the source of Respondent's purported legal duty. In fact, in its brief in opposition, Relator effectively rejects the applicability of R.C. 319.20, asserting that "there is no transfer or conveyance involved in the name change Relator is entitled to."[1] Accordingly, as a matter of law, R.C. 319.28 does not impose a clear legal duty on Respondent to "maintain accurate tax lists reflecting the true owner of record, as shown by duly recorded instruments."

{¶30} Our determination does not mean that a county auditor is legally prohibited from changing the tax lists to reflect an owner's name change pursuant to a R.C. 5301.252 affidavit.[2] We merely determine that neither R.C. 5301.252 nor 319.28 mandate this procedure. Whether such a procedure would constitute wise public policy is beyond the scope of our review. As the Supreme Court of Ohio has observed, "[it] is not the role of the courts 'to establish legislative policies or to second-guess the General Assembly's policy choices.'" *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 2010-Ohio-1029, ¶ 35, quoting *Groch v. Gen. Motors Corp.*, 2008-Ohio-546, ¶ 212.

{¶31} Since Relator can prove no set of facts establishing a clear legal right or a clear legal duty, it cannot prevail in mandamus. Therefore, we need not consider Respondent's argument that Relator has an adequate remedy in the ordinary course of

---

1. In its reply in support of its motion for summary judgment, Relator quotes the phrase "other evidences of title" from R.C. 319.20 but erroneously attributes it to R.C. 319.28.

2. At least one commentator has endorsed utilizing a R.C. 5301.252 affidavit to change an owner's name on the tax lists. *See* Kuehnle, Levey & Bower, Baldwin's Ohio Practice, Ohio Real Estate Law, § 20:15 (Nov. 2025) ("This [method] will allow the auditor to change the tax records, and the recorder to revise the real estate indexes, to show the property in the name of the new owner.")

Case No. 2025-A-0066

the law.  Further, in reaching our decision, we have excluded consideration of the exhibit attached to Respondent's motion to dismiss.  *See* Civ.R. 12(B) ("When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading *and such matters are not excluded by the court*, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.") (Emphasis added.)

{¶32}  Accordingly, Respondent's motion to dismiss is granted, and Relator's petition is dismissed.  In light of this disposition, Relator's motion for summary judgment is overruled as moot.

{¶33}  For the foregoing reasons, Respondent's motion to dismiss is granted, Relator's petition for writ of mandamus is dismissed, and Relator's motion for summary judgment is overruled as moot.

JOHN J. EKLUND, J., EUGENE A. LUCCI, J., concur.

SCOTT LYNCH, J., concurs with a Concurring Opinion.

_____

SCOTT LYNCH, J., concurs with a Concurring Opinion.

{¶34}  I concur with the majority's judgment and analysis that relator is unable to prove a clear legal right or duty entitling it to relief in mandamus.  I write separately to further highlight relator's alleged difficulty where the statutory language set forth by the legislature, intentionally or unintentionally, does not contain an explicit requirement requiring action to be taken by the auditor for name changes to the tax rolls outside of R.C. 319.20.  While observing that this can create uncertainty and difficulty for parties seeking to make a name change without creating a new title or transferring the property,

Case No. 2025-A-0066

as concluded by the majority, it is wholly inappropriate for this court to provide relief in mandamus where there is no legal right for such relief.

{¶35} The majority correctly concludes that neither R.C. 5301.252 nor 319.28 create a legal right for the auditor to change the relator's name as it requests. The lack of an affirmative duty under these statutes can place a party in the situation which exists here, where, as the auditor asserts, it must follow the procedure under R.C. 319.20 to effectuate a name change. Pursuant to that section, "the county auditor shall transfer any land . . . from the name in which it stands into the name of the owner, when rendered necessary by a conveyance, partition, devise, descent, or otherwise." A transfer is defined as "[a]ny mode of disposing of or parting with an asset; . . . [a] conveyance of property or title from one person to another." *Black's Law Dictionary* (12th Ed. 2024). In the present matter, however, there is no transfer of the asset or conveyance of the property to another.

{¶36} Kuehnle, Levey & Bower, Baldwin's Ohio Practice, Ohio Real Estate Law, § 20:15 (Nov. 2025), cited in the majority's opinion, emphasizes the flaws in such a process, noting that "[a] deed from an entity to itself is, of course, not necessary" and one the parties may wish to avoid. It notes that a preferred method would be the filing with the recorder of an affidavit describing the name change. This process is presently utilized in at least one county. The Franklin County Transfer and Conveyance Standards provide: "[a] change of the name of the owner . . . that . . . does not change actual ownership may be made by an Affidavit of Name Change pursuant to Section 5301.252(B)(1)." Section 4(A)(1). Such "[a] name change does not constitute a transfer of ownership" and "[a]

Case No. 2025-A-0066

deed from an individual or entity to him/her/itself for the purpose of a name change will not be accepted."  Section 4(A)(2).

{¶37}  A relator whose goal is to have its changed name reflected in the auditor's tax rolls is in a somewhat difficult situation, where the purported options either do not apply, since all parties agree there is no transfer, or does not succeed to change the name on the tax rolls under current county practices via the recorded affidavit.  Whether or not this somewhat difficult situation is truly the legal limbo and causes the alleged harm that relator would suggest is not up to this court because there is no dispute that a "legal right" does not exist in this mandamus action.

{¶38}  Courts can look only to the text of the statutes: "[w]e do not inquire what the legislature meant; we ask only what the statute means."  *Decker v. Northwest Environmental Defense Ctr*., 568 U.S. 597, 618 (Scalia, J. concurring in part and dissenting in part), citing Holmes, *The Theory of Legal Interpretation*, 12 Harv. L.Rev. 417, 419 (1899).  Given the seriousness of title ownership, this dynamic between the statutes and county policy and its wisdom, as the majority points out, is not for a court to decide and is explicitly the domain of the legislature.

{¶39}  While relator alleges there is some practical difficulty that its former name remains on the tax rolls, what ought to be done in light of its goals does not allow this court to step in where county policies and/or the legislature address it and might change it only if it wishes to do so.  If it wishes not to do so as it has here, however, this court remains without power to address the question in mandamus.  For these reasons, I concur.

Case No. 2025-A-0066

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this Court, Respondent's motion to dismiss is granted, Relator's petition for writ of mandamus is dismissed, and Relator's motion for summary judgment is overruled as moot.

Costs to be taxed against Relator.

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs with a Concurring Opinion

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0066