Birchard, C. J.
This case turns wholly upon, the question whether a defective mortgage can be reformed and set up so as to defeat a judgment lien. This instrument was not executed agreeably to the requisition of the statute, having but one subscribing witness, and therefore, without reformation, was ineffectual to pass any interest in the land. It could not take effect as a conveyance in any sense. As between the original parties to it, there is no difficulty in making the instrument effect the intended object; for equity would regard that as done which the parties agreed" to do. *52 They intended it should operate as a valid incumbrance, and so far as they are concerned, it must be treated as a sufficient mortgage. But can it bo so held, against intermediate judgment liens, to the prejudice of rights acquired by third parties ? To this point we must therefore turn our inquiry. It can not for a moment be maintained that any legal estate was passed to the mortgagee by this defective conveyance, Mayham v. Coombs, 14 Ohio, 428, and Stansell v. Roberts, 13 Ohio, 148, are authorities to show that it could, as a mortgage, have no effect without recording under the statute; and the authorities are abundant to prove that a defectively ^executed deed derives no efficacy from being placed on record. Lessee of Johnson v. Haines, 2 Ohio, 55, is directly to the point. From this it results, that at the time of the rendition of all the judgments subsequent to the date of the defective mortgage,and prior to thefiling of complainant’s bill, the claim of complainant did not affect the legal title, and did not create any equity in the land. The complainant can not, therefore, be regarded as a purchaser of the interest then subsisting in the debtor. The most favorable light in which he can be viewed, in reference to judgment liens of third parties, is that of a party entitled by contract to have a legal lien upon the property for the security of his debt. His misfortune (perhaps his fault) is, that before he succeeded in completing his right by securing a valid lien, others more fortunate, by operation of law, have obtained vested interests in the disputed premises which interfere with him. We can not aid him in correcting the error, which a little care would have provéntod, by thrusting aside those who have equal equity, and the better legal claim. The complainant can' not be preferred to the judgment creditors, without establishing a precedent that will in effect give more efficacy, in a numerous class of cases, to a negligently executed and defective mortgage, than to one in all respects executed in compliance with the law.