CATAWBA WEST, INC., et al., Appellants,

v.

DOMO, Appellee.

[Cite as *Catawba West, Inc. v. Domo* (1991), 75 Ohio App.3d 80.]

Court of Appeals of Ohio,
Ottawa County.

No. 90–OT–030.

Decided July 26, 1991.

*Martin J. Witherell, Andrew J. Ayers* and *John Coppeler,* for appellants.
*Marvin Karp,* for appellee.

*Per Curiam.*

This case comes on appeal from a judgment of the Ottawa County Court of Common Pleas wherein summary judgment was granted in favor of defendant-appellee, John M. Domo. Plaintiffs-appellants are Catawba West, Inc.; Midland Title Agency, Inc., Trustee; Marina Operators, Inc.; Fremont B–K Properties, Inc.; Catawba–Cleveland Development Corp.; James V. Stouffer, Jr., Trustee for James V. Stouffer Family Trust; Catawba Island Club Corporation, Trustee; and Boulder Bluff Corp. Midland Title Agency, Inc. is the record title holder of certain parcels of real estate located in Ottawa County, Ohio. The remaining plaintiffs-appellants are the equitable and beneficial owners of those properties by means of title holding trust agreements between each of said plaintiffs-appellants and Midland Title Agency, Inc.

On November 14, 1988, appellants filed a complaint in which they asked the trial court to quiet title on the subject properties. Appellants alleged that

affidavits filed by appellee pursuant to R.C. 5301.252 created a cloud on the titles of the properties. Appellants asked for an order declaring the affidavits to be null and void; for a permanent injunction restraining and prohibiting appellee from asserting any claim or interest in and to the subject properties or in and to any part of parcel thereof which would be adverse to the plaintiffs; and for an order cancelling and voiding the affidavits from the records of Ottawa County, Ohio.

After engaging in discovery, each side filed a motion for summary judgment. On September 4, 1990, the trial court filed an opinion and judgment entry in which it granted appellee's motion for summary judgment and denied appellants' motion for summary judgment. Appellants' complaint was dismissed with prejudice.

Appellants filed a timely notice of appeal and assert the following assignments of error:

*"Assignment of Error No. 1:* The trial court erred in granting defendant's motion for summary judgment.

*"Assignment of Error No. 2:* The trial court erred in denying plaintiffs' motion for summary judgment on the complaint, and in dismissing plaintiffs' complaint with prejudice."

Briefly, the dispositive facts of this case are as follows.

Appellee obtained a judgment, in the amount of $1,656,149 against James V. Stouffer, Jr. for breach of a stock agreement. See *Domo v. Stouffer* (1989), 64 Ohio App.3d 43, 580 N.E.2d 788. Appellee subsequently, on September 22, 1988, filed an action, pursuant to R.C. 2333.01, against appellants Catawba West, Inc. and James V. Stouffer, Jr. An amended complaint added appellant Midland Title Agency, Inc. as a defendant. The complaint for equitable relief, or creditor's bill, alleged that James V. Stouffer, Jr. had equitable and beneficial interest in all of the real property held by defendant Catawba West, Inc. and defendant Midland Title Agency, Inc. The deeds to the property held by each of the defendant corporations which were purportedly subject to appellee's judgment were attached to the respective creditor's bills. Appellee requested that Stouffer's right and interests, whether legal, equitable or beneficial, in all the properties be determined and that such properties, if any, be charged with the payment of Stouffer's judgment debt.

On October 3 and October 6, 1988, appellee filed affidavits, pursuant to R.C. 5301.252, attesting to the fact that the title of the property owned as of record by Midland Title Agency, Inc. may be affected by the creditor's bill. The real property listed as subject to the equitable lien was the same property identified as such in the creditor's bill.

Appellants' assignments of error are interrelated and shall be considered together.

■ The sole issue before the court below was whether the *affidavits* filed pursuant to R.C. 5301.252 created a cloud upon the titles of the real properties identified therein. The precise question to be determined in the motions for summary judgment was whether the affidavits were an "adverse interest" in appellants' properties which would support a cause of action seeking a determination of that adverse interest. The gist of the trial court's decision is that the affidavits constituted *notice* of the creditor's bill action which may affect the title to land, but do not, in and of themselves, represent any adverse interest to appellants' title to real property. Therefore, the lower court determined, in essence, that appellants' complaint failed to state a cause of action and that appellee was entitled to summary judgment as a matter of law.

■ We agree with the trial court's judgment and hereby affirm and adopt the well-reasoned opinion of the Honorable Robert V. Franklin as to the assignments of error raised by appellants in their brief. See Appendix A. We further note, however, that an affidavit filed under R.C. 5301.252 is not an instrument which casts doubt upon the record owner's title or stands in the way of his full and free exercise of his ownership. *Novogroder v. Di Paola* (1919), 11 Ohio App. 374, 30 Ohio C.A. 421. (Defining a "cloud on title.") The filing, in and of itself, creates no interest in the subject real property or encumbrance on the title. Rather, it is a statutory device for recording facts which *may* affect title to real estate in the state of Ohio. R.C. 5301.252(A). As such, the filing of such affidavits does not support a cause of action on the part of the owner of the properties described in the affidavits to quiet title or remove a cloud on title. See, *e.g., Gustafson v. Buckley* (1953), 96 Ohio App. 115, 118, 54 O.O. 212, 213, 121 N.E.2d 280, 283, affirmed (1954), 161 Ohio St. 160, 53 O.O. 71, 118 N.E.2d 403.

For these reasons, appellants' first and second assignments of error are found not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., ABOOD and MELVIN L. RESNICK, JJ., concur.

FRANKLIN, Judge (sitting by assignment).

This cause is before the court upon the plaintiffs' and defendant John M. Domo's cross-motions for summary judgment. Upon consideration of the pleadings, the competent evidence filed by the parties and the parties' briefs, the court grants defendant John M. Domo's motion for summary judgment as to the plaintiffs' complaint, and denies the plaintiffs' motion for summary judgment.

## I

## FACTS

The undisputed facts are as follows. On August 22, 1988, John M. Domo recovered a judgment against James V. Stouffer, Jr. in the Ottawa County Common Pleas Court in the amount of $1,656,149 plus interest at the rate of ten percent per annum. On September 22, 1988, Domo filed an R.C. 2333.01 creditor's bill against plaintiff Catawba West, Inc. and James V. Stouffer, Jr. On October 3 and 6, 1988, Domo filed two affidavits with the Ottawa County Recorder pursuant to R.C. 5301.252 regarding land owned by plaintiff Midland Title Agency, Inc. ("Midland"). Midland holds record title to each piece of land described in the affidavits for the benefit of one or more of the plaintiffs.

On November 14, 1988, the plaintiffs filed this action against Domo alleging, *inter alia*, that Domo's affidavits do not comply with the requirements of R.C. 5301.252 and that Domo has not secured any liens or encumbrances on the land described in these affidavits. They seek an order, *inter alia*, quieting their titles to the land described in the affidavits and declaring the affidavits void and terminated as a matter of public record.

## II

## DISCUSSION

The crux of the plaintiffs' arguments is that (1) Domo's affidavits do not comply with the requirements of R.C. 5301.252, and (2) Domo's affidavits are not authorized by R.C. 5301.252 because James V. Stouffer, Jr. has no interest in the land described in the affidavits which a creditor may reach.

### A

### REQUIREMENTS OF R.C. 5301.252

R.C. 5301.252 provides in relevant part:

"(A) An affidavit stating facts relating to the matters set forth under division (B) of this section that may affect the title to real estate in this state, made by any person having knowledge of the facts or competent to testify concerning them in open court, may be recorded in the office of the county recorder in the county in which the real estate is situated. When so recorded, such affidavit, or a certified copy thereof, shall be evidence of the facts therein stated, insofar as such facts affect title to real estate.

"(B) The affidavits provided for under this section may relate to the following matters:

" * * *

"(3) The happening of any condition or event that may create or terminate an estate or interest;

" * * *

"(C) The county recorder for the county where such affidavit is offered for record shall receive and cause the affidavit to be recorded as deeds are recorded, and collect the same fees for recording such affidavit as for recording deeds.

"(D) Every affidavit provided for under this section shall include a description of the land, title to which may be affected by facts stated in such affidavit, or a reference to an instrument of record containing such description, and shall state the name of the person appearing by the record to be the owner of such land at the time of the recording of the affidavit. The recorder shall index the affidavit in the name of such record owner."

To comply with the requirements of R.C. 5301.252, therefore, an affidavit must (1) state facts relating to a matter set forth in R.C. 5301.252(B), (2) be made by a person having knowledge of these facts or competent to testify concerning them in open court, (3) include a description of the land affected by facts stated in the affidavit or a reference to an instrument of record containing such description, and (4) state the name of the person appearing by the record to be the owner of the land at the time of the recording of the affidavit.

The affidavit that Domo filed with the Ottawa County Recorder on October 3, 1988, provides:

"BEFORE ME, a Notary Public, in and for said county and state personally appeared John M. Domo, the Affiant who, being first duly sworn deposes and says that:

"1. He has knowledge of the facts contained herein or is competent to testify concerning them in open court.

"2.   The record owner of the land whose title to which may be affected by the facts stated herein, at the time of the recording of the herein Affidavit is: MIDLAND TITLE AGENCY, INC., TRUSTEE.

"3.   On August 22, 1988 he recovered a judgment against JAMES V. STOUFFER, JR. in the Court of Common Pleas of Ottawa County, Ohio, in the sum of $1,656,149.00 plus interest at the rate of 10% per annum from January 30, 1987 and costs, which judgment is in full force and effect and wholly unsatisfied.

"4.   Pending in the Court of Common Pleas of Ottawa County is his Complaint (Creditor's Bill) for Equitable Relief (Case No. 24645) by which he has secured a lien upon all assets, including equitable, legal and other interests of CATAWBA WEST, INC., for the satisfaction of said judgment.

"5.   CATAWBA WEST, INC. and/or JAMES V. STOUFFER, JR. have equitable or beneficial interests in the ownership of the land, described in the deeds recorded in the Ottawa County Deed Records set forth below, which are subject to Affiant's judgment as an equitable lien:

"(a) Volume 318, Page 294
"(b) Volume 321, Page 493
"(c) Volume 316, Page 314
"(d) Volume 316, Page 317
"(e) Volume 296, Page 809
"(f) Volume 296, Page 811
"(g) Volume 296, Page 813
"(h) Volume 302, Page 643
"(i) Volume 314, Page 215
"(j) Volume 314, Page 217
"(k) Volume 314, Page 222
"(l) Volume 314, Page 224
"(m) Volume 314, Page 226
"(n) Volume 314, Page 228
"(o) Volume 314, Page 230
"(p) Volume 315, Page 665
"(q) Volume 315, Page 723
"(r) Volume 316, Page 520
"(s) Volume 316, Page 520
"(t) Volume 316, Page 617

"(u) Volume 316, Page 879

"(v) Volume 316, Page 881

"(w) Volume 316, Page 884

"(x) Volume 317, Page 483

"(y) Volume 317, Page 529

"(z) Volume 317, Page 535

"(aa) Volume 330, Page 722"

The affidavit that Domo filed on October 6, 1988, is identical to this one, except that it refers to land described in Volume 318, page 282 of the Ottawa County Deed Records.

Specifically, the plaintiffs argue that these affidavits do not state facts relating to a matter set forth in R.C. 5301.252(B).

Under R.C. 5301.252(B)(3), an affidavit may state facts relating to "[t]he happening of any condition or event that may create or terminate an estate or interest * * *." By filing his creditor's bill, Domo secured a lien on the assets of Catawba West, Inc. and James V. Stouffer, Jr. that he attached. See *Gaib v. Gaib* (1983), 14 Ohio App.3d 97, 99, 14 OBR 111, 112, 470 N.E.2d 189, 191. Domo's affidavits merely give notice of this fact and, thus, clearly relate to the happening of an event that may create or terminate an interest in land. Therefore, they relate to a matter set forth in R.C. 5301.252(B).

Furthermore, these affidavits state that (1) they are made by a person having knowledge of the facts or competent to testify concerning them in open court (R.C. 5301.252[A]); (2) they include a reference to an instrument of record containing a description of the land affected by the affidavits (R.C. 5301.252[D]); and (3) they state the name of the corporation which held record title to the land at the time of their filing (R.C. 5301.252[D]). Therefore, they also meet the other requirements of R.C. 5301.252.

## B

### PROPRIETY OF FILING AFFIDAVITS

Midland holds record title to each piece of land described in Domo's affidavits as trustee for the benefit of one or more of the plaintiffs. As Domo correctly points out in his brief, however, there is evidence that James V. Stouffer, Jr. had an equitable interest in all of this land at the time Domo filed his creditor's bill.

By filing his R.C. 2333.01 creditor's bill, Domo has secured a lien on Catawba West, Inc.'s and James V. Stouffer, Jr.'s assets which are the subject of his creditor's bill. *Gaib, supra.* Under R.C. 2333.01, Domo may subject to

the payment of his judgment " * * * any equitable interest which [James V. Stouffer, Jr.] * * * has in real estate * * *." Domo's creditor's bill, therefore, "may create or terminate an * * * interest * * * " in the land described in the affidavits. Consequently, R.C. 5301.252(B)(3) clearly authorizes Domo's affidavits.

The plaintiffs argue that Domo's affidavits are not authorized by R.C. 5301.252 because equitable interests in real estate cannot be levied upon or sold under execution. See *Basil v. Vincello* (1990), 50 Ohio St.3d 185, 553 N.E.2d 602, paragraph one of the syllabus. Domo, however, did not file these affidavits to levy upon, or sell under execution the land described in them, but to give notice that his creditor's bill may affect the title to this land. Therefore, this argument misses entirely the point of filing these affidavits.

## JUDGMENT ENTRY

It is ordered, adjudged and decreed that defendant John M. Domo's motion for summary judgment is granted, that the plaintiffs' motion for summary judgment is denied, and that the plaintiffs' complaint is dismissed with prejudice, there being no just reason for delay.