**BRADFORD, Appellant,**

v.

**REID; Feldman, Appellee.**

[Cite as *Bradford v. Reid* (1998), 126 Ohio App.3d 448.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970678.

Decided Feb. 27, 1998.

*Firooz T. Namei,* for appellant.

*Francisco A. Garabis,* for appellee.

PAINTER, Judge.

This case requires us to determine whether claims seeking money damages for breach of an oral contract and for unjust enrichment concerning the sale of a home are subject to the doctrine of *lis pendens.* We are asked also to determine whether an "Affidavit of Interest in Real Estate" ("affidavit of interest") arising from such claims constitutes an equitable lien on such property. Because the claims for money damages do not directly affect the property, we conclude that

*lis pendens* is not applicable. Further, because the claims upon which the affidavit of interest is based seek only money damages and neither assert an interest in nor seek to recover the property, we determine that the affidavit of interest fails to create an equitable lien.[1]

Appellant Ronald L. Bradford claims that he and defendant Jean Reid, who were then living together, entered into an oral contract for the purpose of obtaining a loan from a bank. (Because of his tenuous employment, Bradford was unable to secure the loan himself.) According to Bradford, the plan contemplated the following steps: (1) Bradford was to pay Reid's outstanding debts to make her creditworthy and then convey his house to Reid by warranty deed; and (2) Reid, in turn, was to obtain a loan so that Bradford could use the proceeds to discharge an obligation to his first wife, to pay off the outstanding mortgage loan on the home, and to cover the costs of various home repairs. Reid reserved the right to sell the house, and, if she did sell it, according to Bradford, the proceeds were to be distributed so that Bradford would receive $65,000, Reid would receive any capital contributions she made for repairs, and they would evenly divide the remaining balance.

To effectuate their plan, Bradford wrote a letter to the bank stating that he had agreed to sell the house to Reid for $81,250 and to make a gift equivalent to twenty percent of the purchase price. He claimed that there were no conditions to the gift, and that it was given so Reid could qualify for the loan and buy a home of her own. Reid received the loan, and Bradford conveyed the property to her by warranty deed.

After the conveyance, their relationship soured, and Reid had Bradford arrested for domestic violence. After that charge was dismissed. Bradford filed a complaint against Reid on January 12, 1994, claiming breach of oral contract, unjust enrichment, malicious prosecution, abuse of process, and false arrest. He sought money damages for all the claims, and as to the unjust-enrichment claim, he demanded "such other remedies allowed by law or equity." Bradford filed in the Hamilton County Recorder's Office an affidavit of interest on April 28, 1994. The affidavit stated that the action against Reid had been filed and that the action involved the sale of the real property by Bradford to Reid. It listed the claims contained in the complaint and added that "[s]atisfaction of the pending action is a plea for judgment * * * for monies * * * and other relief as petitioned."

Reid conveyed the property to appellee Debra Feldman by warranty deed on June 15, 1995. On July 22, 1996, Bradford voluntarily dismissed the complaint and refiled this action to include Feldman. The trial court granted summary

---

1. We have removed this case from the accelerated calendar.

judgment for Feldman. (Reid remains a defendant, but has filed for bankruptcy in Iowa and obtained a stay of any action against her.)

## I. Lis Pendens

■ In his first assignment of error, Bradford contends that the trial court erred in granting Feldman summary judgment by refusing to apply the doctrine of *lis pendens*. We disagree.

■ The doctrine of *lis pendens* is codified in R.C. 2703.26, which states that "[w]hen summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending [*sic* ], no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." As a result, if a third party acquires an interest in the property while the action is pending, that person takes the property subject to the final outcome of the action, thus protecting the plaintiff's interest in the property at issue.[2]

■ *Lis pendens* requires the following: (1) the property be of a character subject to the rule; (2) the court have jurisdiction over both the person and the *res*; (3) the property be sufficiently described in the pleadings; and (4) the property be directly affected by the judgment in the pending suit.[3] The fourth element is met when the property described is " 'at the very essence of the controversy between the litigants.' " [4]

■ In our judgment, Bradford failed to satisfy the fourth prong of the *lis pendens* doctrine. His complaint failed to set forth any claim to adjudicate the parties' rights to the conveyed property. Instead, he sought monetary compensation for breach of oral contract and unjust enrichment resulting from that breach. Such a request did not directly affect the property.[5] An action for money damages only is not subject to the doctrine of *lis pendens*.[6] Even if we assume

---

**2.** *Martin, Rochford & Durr v. Lawyer's Title Ins. Corp.* (1993), 86 Ohio App.3d 20, 22, 619 N.E.2d 1130, 1131.

**3.** See *Cook v. Mozer* (1923), 108 Ohio St. 30, 37, 140 N.E. 590, 591; *Katz v. Banning* (1992), 84 Ohio App.3d 543, 548, 617 N.E.2d 729, 733.

**4.** *Katz*, 84 Ohio App.3d at 548, 617 N.E.2d at 733, quoting *Levin v. George Fraam & Sons, Inc.* (1990), 65 Ohio App.3d 841, 846, 585 N.E.2d 527, 530.

**5.** See *Gunlock v. Z.B.P. Partnership* (Sept. 29, 1997), Clermont App. No. CA97–05–047, unreported, 1997 WL 598394; *Katz v. Banning, supra; Levin v. George Fraam & Sons, Inc., supra.*

**6.** See *Katz v. Banning, supra; Pournaras v. Hopkins* (1983), 11 Ohio App.3d 51, 52, 11 OBR 84, 85–86, 463 N.E.2d 67, 69; *Stone v. Equitable Mtge. Co.* (1927), 25 Ohio App. 382, 388, 158 N.E. 275, 276.

that the sale of property may be a source from which a plaintiff may be compensated, this merely constitutes an indirect effect on the property, not a direct effect sufficient to invoke the doctrine of *lis pendens*.[7]   Because Bradford's particular request for recovery in his original complaint did not directly affect the property, *lis pendens* did not apply.   We overrule Bradford's first assignment of error.

## II.   Equitable Lien

In his second assignment of error, Bradford argues that the affidavit of interest constituted an equitable lien or encumbrance on the property.   "An equitable lien arises either from (1) a written agreement indicating an intent to make particular property a security for a debt 'or obligation, or (2) from implication by a court of equity upon consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings."[8]

R.C. 5301.252 allows for a person having knowledge of, or competency to testify about, facts pertaining to certain enumerated matters that *may* affect the title to real estate to record an affidavit stating those facts in the county recorder's office of the county where the property is situated.   The recorded affidavit constitutes evidence of the stated facts insofar as they affect title to the real estate.   Included in the enumerated matters to which the affidavit may refer are possession and the happening of an event that may create an interest.

An affidavit of interest, as contemplated by the statute, "is not an instrument which casts doubt upon the record owner's title or stands in the way of his full and free exercise of ownership."[9]   The filing itself creates no interest in the property or encumbrance on the title.[10]   The filing can only be *evidence* of an adverse interest, not an interest itself.

To determine the import of the affidavit of interest in this case, we must look to the legal claims upon which it was based.   If, for example, there were a claim for specific performance to sell the property in question, that might be said to have affected the title.   But Bradford's complaint specifically sought only money damages and claimed no interest in the property and made no claim to recover the property.   The complaint clearly stated that Bradford had conveyed the property to Reid.   (Bradford transferred the property to Reid by warranty deed

---

7.   See *Levin v. George Fraam & Sons, Inc, supra.*

8.   *Katz,* 84 Ohio App.3d at 551, 617 N.E.2d at 734.

9.   *Catawba West, Inc. v. Domo* (1991), 75 Ohio App.3d 80, 83, 598 N.E.2d 883, 885.

10.   *Id.*

and Reid transferred the property to Feldman by warranty deed.) At most, the complaint sought an interest in the proceeds from the sale of the property based on an agreement distinct from any rights to the property itself. Such a claim failed to create an equitable interest in the property when it was ultimately conveyed to Feldman by Reid.

Furthermore, it has long been the rule in Ohio that one seeking equity must come to the court with clean hands.[11] This maxim denies all relief to one, no matter how well founded his claim may otherwise be, "if, in granting the relief which he seeks, the court would be required, by implication even, to affirm the validity of an unlawful agreement or give its approval to the inequitable conduct on his part."[12] The inequitable conduct contemplated by the maxim must be "reprehensible conduct with respect to the subject matter of his suit."[13] Under the facts of this case, where Bradford wrote a letter informing the bank that he was selling the property to Reid and providing Reid with twenty percent of the purchase price as an unconditional gift, and where Bradford's claims were based upon an oral agreement in contravention of the assertions made to the lending institution, we conclude, as the trial court did implicitly, that Bradford's lack of clean hands foreclosed him from asserting an equitable interest in the property.

Therefore, Bradford's assignments of error are overruled, and we affirm the trial court's entry of summary judgment for Feldman.

*Judgment affirmed.*

DOAN, P.J., and MARIANNA BROWN BETTMAN, J., concur.

---

11. See *Basil v. Vincello* (1990), 50 Ohio St.3d 185, 190, 553 N.E.2d 602, 607.

12. *Kinner v. Lake Shore & Michigan So. Ry. Co.* (1904), 69 Ohio St. 339, 344, 69 N.E. 614, 615.

13. *Id.* at 339, 69 N.E. at 614, paragraph one of the syllabus.