OPINION
This is an appeal from a decision of the Delaware County Court of Common Pleas.
The sole Assignment of Error is:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES ON COUNT TWO OF THE AMENDED AND RESTATED COMPLAINT.
The history of this cause is that in September, 1992, John and Theresa A. Kestelik (Kestelik) took title to the property which is the subject of the lien priority issue involved herein.
Five years later they executed two mortgages to American Mortgage Solutions (AMS) to refinance existing mortgages.
Title Quest closed such loans.
Green Tree Financial Servicing Corp. (Green Tree) holds the note securing $220,000.00 of such new indebtedness.
Neither the first nor second mortgages involved in the refinancing have been recorded.
In July 7, 1999, John Kestelik transferred his interest in such real estate to Anthony T. and Javene D. Collier (Collier). While Theresa A. Kestelik's name appeared in the dower clause, it was absent from the granting clause relative to her fee interest even though she also signed such deed. Such deed was recorded on August 23, 1999.
BNC Mortgage, Inc. (BNC) was granted a $225,000.00 mortgage from the Colliers, which was recorded.
On August 24, 1999, an affidavit of facts (Memoranda in Opposition Ex. A) with attached copies of the unrecorded 1997 first and second mortgages of the Kesteliks was recorded.
On August 31, 1999, appellants filed a Notice of Lis Pendens and began an action which included the following:
 A. Declaratory judgment that Mortgage No. 1 is a good and valid equitable mortgage lien on the premises superior in right to the Colliers and BNC;
 B. Declaratory judgement that Green Tree's mortgage (Mortgage No. 1) is a first and best mortgage lien against the one-half (1/2) interest in the premises owned by Theresa A. Kestelik, or that the Colliers took this property subject to Mortgage No. 1;
The only aspects which are the subjects of this appeal are those matters which are referenced in Count Two as included in the prayer designated as A and B above of the Amended Complaint.
In September 10, 1999, Theresa A. Kestelik executed a deed for the purpose of correcting the July 7, 1999, deed to the Colliers by granting her one-half interest. Such deed was recorded on September 14, 1999.
The trial court in considering several Motions and Cross-Motions for Summary Judgment, determined that BNC's mortgage was the first lien on the subject property purchased by the Colliers and reformed the deed to them to include the interest of Theresa A. Kestelik as of the date thereof to conform to the intention of the parties.
Civil Rule 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
The statutes which are to be considered relative to the events that occurred are:
R.C. § 5301.252
 (A) An affidavit stating facts relating to the matters set forth under division (B) of this section that may affect the title to real estate in this state, made by any person having knowledge of the facts or competent to testify concerning them in open court, may be recorded in the office of the county recorder in the county in which the real estate is situated. When so recorded, such affidavit, or a certified copy, shall be evidence of the facts stated, insofar as such facts affect title to real estate.
(B) * * *
 (C) The county recorder for the county where such affidavit is offered for record shall receive and cause the affidavit to be recorded as deeds are recorded, and collect the same fees for recording such affidavit as for recording deeds.
R.C. § 2703.26
 When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.
R.C. § 2719.01 INTENTION OF PARTIES
 When there is an omission, defect, or error in an instrument in writing or in a proceeding by reason of the inadvertence of an officer, or of a party, person, or body corporate, so that it is not in strict conformity with the laws of this state, the courts of this state may give full effect to such instrument or proceeding, according to the true, manifest intention of the parties thereto.
R.C. § 2719.05 ORDER TO CORRECT ERROR
 Upon being satisfied that the mistake, error, or omission set forth in the application under section 2719.02 of the Revised Code was made, the court of common pleas shall make an order to correct it, which order shall be filed in the office wherein such record is required to be kept. From and after such filing, such record, and the order correcting it, shall be received as evidence in all cases, in all courts, as if no such error, omission, or defect ever existed.
 R.C. § 2719.06 COURT MAY CORRECT ERRORS IN DEED BY WIFE
 The court of common pleas may correct, amend, and relieve against errors, defects, or mistakes occurring in the deed or other conveyance of a husband and wife, executed and intended to convey or encumber the lands or estate of the wife, or her right of dower in the lands of her husband, in the manner and to the extent that such courts are authorized to correct errors, mistakes, or defects in the deeds or conveyances of other persons.
Appellant asserts that the affidavit provided by R.C. § 5301.252
and the Lis Pendens Notice created an equitable mortgage lien on the property and that, at least, the mortgage lien claimed applied to the interest of Theresa A. Kestelik which was not conveyed by the original deed to the Colliers. We disagree.
Revised Code § 5301.252 provides that the affidavit of facts isevidence of the facts asserted. It does not conclusively establish such facts.
The concept of Lis Pendens as set forth in R.C. § 2703.26 does not create an equitable lien as stated by appellants but subjects the property and the rights of acquiring parties to the ultimate judgment of the court.
Equitable liens arise either from (1) a written agreement indicating an intent to make particular property a security for a debt or obligation, or (2) from implication by a court of equity upon consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings. Bradford v. Reid (1998),126 Ohio App.3d 448.
There is no doubt that the court possesses the authority under Article2, Section 28 of the Ohio Constitution, R.C. § 2719.01, 2719.05 and2719.06 to reform the deed to the Colliers to express the intention of the parties. See Goshorn and Wife v. Purcell (1860), 11 Ohio St. 641,Smith v. Turpin (1870), 20 Ohio St. 478.
The question then becomes whether the intention of the parties can be determined and, if so, the effective date of reformation and whether appellants have established intervening liens preceding the corrective deed to the Colliers which cannot be affected thereby.
Appellants assert on page two of their brief that there is no evidence that the parties intended to bind Theresa Kestelik's interest to her husband's deed.
We determine that this assertion is factually incorrect.
The trial court, in its exhaustive and detailed opinion on the applicable law and facts correctly determined:
1. The Colliers paid full consideration.
2. Possession passed without further claims.
 3. The language of the deed manifests an intention to convey the entire fee interest.
In addition, the new lien holder, BNC in providing the financing placed a mortgage on the entire interest. Thus, there was ample evidence for the trial court's consideration of the intention of the parties.
Further, the trial court concluded that the initial deed to the Colliers, in meeting the intention of the parties, transferred the entire interest and the corrective deed transferred nothing. This is supported by R.C. § 2719.05.
The trial court correctly differentiated the facts of Van Thorniley v.Peters (1875), 26 Ohio St. 471, Langmede v. Weaver (1901), 65 Ohio St. 17
and White v. Denham (1847), 16 Ohio St. 59 from those of the case subjudice. While it is true that some fact patterns may warrant the finding of an equitable lien such as is stated in Forest Hills Utility Co. v.Burnett (Licking, 1980), 1980 Ohio App. Lexis 13042, those facts are not present here.
In addition to the findings by the trial court, as expressed inBradford v. Reid, supra, a consideration of the right and justice as applied to the relations of the parties may be considered. The non-recording of the appellants' mortgages set in motion the events which involved the Colliers and BNC.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Delaware County, Ohio, is Affirmed. Costs to Appellants.
BOGGINS, J., GWIN, P.J. and FARMER, J. concur