[Cite as *Williams v. McClain*, 2019-Ohio-4802.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TRAVIS LANIER WILLIAMS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28475 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-229 |
| | : | |
| BRANDON C. McCLAIN | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of November, 2019.

. . . . . . . . . . .

TRAVIS LANIER WILLIAMS, 1955 Kipling Drive, Dayton, Ohio 45406
    Plaintiff-Appellant, Pro Se

MATHIAS H. HECK, JR., by COLLIN B. SHOWE, Atty. Reg. No. 0093805, 301 West
Third Street, P.O. Box 972, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Travis Lanier Williams appeals pro se from the trial court's entry of summary judgment against him on his complaint against Montgomery County Recorder Brandon C. McClain for relief under R.C. 317.13(C).

{¶ 2} Although his two-page brief lacks assignments of error, Williams asserts that McClain unlawfully recorded an affidavit he submitted to the Montgomery County Recorder's office as a miscellaneous document rather than "as a deed."

{¶ 3} In an "Affidavit of Injunction" that formed part of Williams' complaint, he alleged that McClain had failed to perform a statutory duty to record an "affidavit of title" as a deed. Williams sought to have the affidavit refiled. In an "Affidavit of Facts Relating to Title" that also formed part of the complaint, Williams stated that his address was 1955 Kipling Drive in Dayton. He then stated: "I am claiming the home [by] Heirship to Eula W. Carroll, my great-grandmother, due to the fact my brother is [in] jail I am claiming the home as an heir to my great grandmother corresponding with [R]evised [C]ode 5301.252 to be transferred to my revocable trust[.]" Williams continued by stating that he wanted the property transferred to him, as "landlord," and to his brother and another person as "tenants," with "no other parties * * * allowed." After providing the legal description for the property, Williams stated:

4. I am the trustee of the TRAVIS LANIER WILLIAMS REVOCABLE LIVING TRUST AGREEMENT.

5. I am claiming the home as an Heir-ship the above described real property to Williams, Travis Lanier Tr. u/d/t/ 3-1-17. As the Landlord-tenant.

6. No money has been exchanged as part of this transfer.

7. This transfer is a gift from great grandmother.

8. FURTHER AFFIANT SAYETH NAUGHT.

{¶ 4} The foregoing "Affidavit of Facts Relating to Title" is the document that Williams sought to have recorded "as a deed." In the top left corner, the document bears a file number and indicates that it instead was recorded in the Montgomery County Recorder's office as a "miscellaneous" document.

{¶ 5} In response to Williams' complaint, McClain moved for summary judgment on May 17, 2019. (Doc. # 15.) McClain argued that he had discretion to refuse to record Williams' affidavit "as a deed" because he had reasonable cause to believe the document was materially false or fraudulent. In support, McClain noted that Williams had submitted no other documents or evidence to substantiate the claim in the affidavit that Williams was Eula W. Carroll's heir. Accompanying the motion were discovery responses from Williams in the form of answers to interrogatories and requests for production of documents. In those responses, Williams acknowledged that Eula Carroll had one other living grandson besides him. He also acknowledged not knowing whether Carroll had a will when she died. Based on these discovery responses, McClain argued that Williams failed to establish being Carroll's sole heir if she died testate and that Williams could not be her sole her if she died intestate. Therefore, McClain argued that Williams' affidavit failed sufficiently to establish that he was Carroll's sole heir who was entitled to have the property transferred to his trust.

{¶ 6} Williams did not respond to the summary judgment motion, which a magistrate addressed in a July 2, 2019 decision. (Doc. # 17.) The magistrate reasoned:

Plaintiff alleges that Defendant, the Montgomery County Recorder,

violated his statutory duties under R.C. 317.13 by refusing to record Plaintiff's affidavit. (Plaintiff's Complaint). The duties of a county recorder are set forth in R.C. 317.13, which states in relevant part:

(A) Except as otherwise provided in division (B) of this section, the county recorder shall record in the official records, in legible handwriting, typewriting, or printing, or by any authorized photographic or electronic process, all deeds, mortgages, plats, or other instruments of writing that are required or authorized by the Revised Code to be recorded and that are presented to the county recorder for that purpose. The county recorder shall record the instruments in regular succession, according to the priority of presentation, and shall enter the file number at the beginning of the record. On the record of each instrument, the county recorder shall record the date and precise time the instrument was presented for record. All records made, prior to July 28, 1949, by means authorized by this section or by section 9.01 of the Revised Code shall be deemed properly made.

(B) The county recorder **may refuse to record an instrument** of writing presented for recording if the instrument is not required or authorized by the Revised Code to be recorded or the county recorder has **reasonable cause to believe the instrument is materially false or fraudulent.** This division does not create a duty upon a recorder to inspect, evaluate, or investigate an instrument of writing that is presented for recording.

(Emphasis added).

If the county recorder refuses to record an instrument, the person presenting the instrument may file an action in the Court of Common Pleas. Pursuant to R.C. 317.13(C):

If a person presents an instrument of writing to the county recorder for recording and the county recorder, pursuant to division (B) of this section, refuses to record the instrument, the person has a cause of action for an order from the court of common pleas in the county that the county recorder serves, to require the county recorder to record the instrument. **If the court determines that the instrument is** required or authorized by the Revised Code to be recorded and is **not materially false or fraudulent**, it shall order the county recorder to record the instrument.

(Emphasis added).

Based upon the language of the affidavit and Plaintiff's responses to the Interrogatories propounded upon him by Defendant, this Court finds that Defendant had reasonable cause to believe the instrument, Plaintiff's affidavit, was materially false or fraudulent. Plaintiff has not presented any evidence to establish support for the clams made within the affidavit. Accordingly, judgment is hereby rendered against Plaintiff and in Defendant's favor.

(Emphasis sic.) (Doc. # 17 at 2-3.)

{¶ 7} Although the magistrate's decision referred the parties to Civ.R. 53 regarding the filing of objections, Williams did not file any objections as contemplated by the rule. Under Civ.R. 53(D)(3)(b)(ii) "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." On July 8, 2019 and July 12, 2019, Williams filed documents captioned "Plaintiff's Brief Statement with Affidavit." (Doc. #18, 19.) Therein, he did not object specifically to anything in the magistrate's decision. He simply repeated his argument that McClain should be required to re-record his affidavit as a deed rather than as a miscellaneous document.

{¶ 8} On July 19, 2019, the trial court adopted the magistrate's decision as its own and entered summary judgment in favor of McClain. (Doc. # 20.) The trial court concluded that Williams had not filed any objections pursuant to Civ.R. 53(D)(3)(b). It also found no error of law or defect on the face of the magistrate's decision. (*Id.*)

{¶ 9} On appeal, Williams does not specifically address the magistrate's legal analysis, which the trial court adopted. Instead, he again claims his affidavit should be

recorded "as a deed" rather than as a "miscellaneous" document based on R.C. 317.13(C) and R.C. 5301.252. He also argues that he should have a $1,000,000 claim against McClain.

{¶ 10} Even if we overlook Williams' failure to file proper objections under Civ.R. 53, we find his argument to be without merit. As set forth above, R.C. 317.13(C) provides a potential cause of action if a county recorder refuses to record an instrument of writing. Here McClain apparently did refuse to record Williams' affidavit "as a deed." But Williams was not entitled to a court order directing McClain to record the affidavit that way. The trial court declined to find under R.C. 317.13(C), and based on the evidence before it, that the affidavit was not materially false or fraudulent. For the reasons set forth by the magistrate and adopted by the trial court, we cannot say McClain erred in declining to record Williams' affidavit "as a deed." *See Kirk Excavating & Constr., Inc. v. RKJ Ents., LLC*, 2018-Ohio-3735, 108 N.E.3d 1278, ¶ 23 (7th Dist.) (recognizing that a "county recorder has discretion in rejecting an instrument"). Nor did the trial court err in upholding McClain's decision to record the deed as a "miscellaneous" document. Williams lacked any evidence other than his own affidavit to support his claim about being his great-grandmother's lawful heir. As the magistrate noted, Williams did not even know whether his great-grandmother had a will, and he acknowledged having a living brother who also could be an heir if Eula Carroll died intestate.

{¶ 11} We are equally unpersuaded by Williams' reliance on R.C. 5301.252, which authorizes the recording of affidavits stating facts related to matters that may affect the title to real estate. When recorded, such an affidavit is evidence of the facts set forth. The statute further provides for the recording of such affidavits "as deeds are recorded." R.C.

5301.252(A)-(C). We do not believe, however, that an affidavit filed under the statute *is* a deed or that it has the *legal effect* of a deed, which appears to be what Williams is arguing. Based solely on his affidavit, he seeks to have legal ownership of Eula Carroll's real estate transferred to his trust. By providing for an R.C. 5301.252 affidavit to be recorded "as deeds are recorded," the statute appears to mean "in the same way" or "in the same manner" that deeds are recorded. We note too that "Revised Code § 5301.252 provides that the affidavit of facts is evidence of the facts asserted. It does not conclusively establish such facts." *Guar. Title and Trust Co. v. Am. Mtge. Solutions, Inc.*, 5th Dist. Delaware No. 00CAE12036, 2001 WL 958798, *3 (August 23, 2001). An affidavit filed under R.C. 5301.252, "in and of itself, creates no interest in the subject real estate[.]" *Catawba West, Inc. v. Domo*, 75 Ohio App.3d 80, 83, 598 N.E.2d 883, 885 (6th Dist.1991). Rather, it is a statutory device for giving notice and for "recording facts which *may* affect title to real estate in the State of Ohio." (Emphasis sic.) *Id.*

{¶ 12} In any event, as set forth above, R.C. 317.13(B) authorizes a county recorder to refuse to record an instrument of writing presented for recording if the recorder "has reasonable cause to believe the instrument is materially false or fraudulent." Here the trial court upheld McClain's decision to refuse to record Williams' affidavit "as a deed" based on concerns about the affidavit containing false or fraudulent information. In our analysis above, we held that the trial court did not err in reaching this determination. Therefore, McClain was not required to record Williams' affidavit "as a deed" regardless of the precise meaning of the phrase "as deeds are recorded" in R.C. 5301.252. If Williams believes he is the lawful heir to his great-grandmother's real estate, he should pursue an action in probate court and have it adjudicated to establish that fact.

{¶ 13} Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Travis L. Williams
Mathias H. Heck Jr.
Collin Showe
Hon. Michael W. Krumholtz