[Cite as *Bogan v. Keith*, 2023-Ohio-4159.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| WILLIAM BOGAN et al. | : | |
| | : | |
| Appellants | : | C.A. No. 29842 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 01663 |
| | : | |
| MONTGOMERY COUNTY AUDITOR | : | (Civil Appeal from Common Pleas |
| KARL KEITH et al. | : | Court) |
| | : | |
| Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 17, 2023

. . . . . . . . . . .

WILLIAM BOGAN & PRICILLA BOGAN, Pro Se Appellants

MATHIAS H. HECK, JR., by NATHANIEL S. PETERSON, Attorney for Appellees

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Plaintiffs-Appellants William and Pricilla Bogan appeal from a judgment of the Montgomery County Court of Common Pleas that dismissed their claim against Montgomery County Auditor Karl Keith and Montgomery County Prosecutor Mathias Heck, Jr. For the reasons that follow, the judgment of the trial court will be affirmed.

**I.      Facts and Procedural History**

{¶ 2} On April 5, 2023, the Bogans filed a complaint against Cochran Crew, LLC (which is not a part of this appeal), Montgomery County Prosecutor Mathias H. Heck, Jr., and Montgomery County Auditor Karl Keith, using a template provided by the Montgomery County Court of Common Pleas. In response to the template's question "What do you want from the Court?", the Bogans stated, "And mediation agreement for and property interest [in] accordance with O.R.C. 5301.252." As a response to the template's next question, "What do you want to happen?", the Bogans stated, "If there is not and mediation agreement for and property interest for and lawsuit claim against the county prosecutor and county auditor suruitie [sic] bond." Two documents were attached to the complaint: (1) "Mediation: Allegation claim", and (2) "Affidavit in support of Claim."

{¶ 3} The complaint, along with its attached documents, seemed to allege that the Bogans, through a friend, had presented some sort of property interest instrument to the Montgomery County Auditor's Office, based on an affidavit that they owned a property that was at some point owned by Cochran Crew, LLC. It appears they wanted the auditor to give them a deed to the property, but after consulting with the Montgomery County Prosecutor's Office, the Montgomery County Auditor's Office declined to give them what they wanted.

{¶ 4} In their joint motion to dismiss, the auditor's and prosecutor's offices interpreted the Bogans' pro se complaint as a "claim in civil tort liability against the Defendant Karl Keith, Montgomery County Auditor for actions or inactions performed in his capacity as Montgomery County Auditor." Motion to Dismiss at 3. The motion also stated that the Bogans wanted "to impose civil tort liability against the Defendant Mathias

H. Heck, Jr., Montgomery County Prosecutor's sureties and remove him from office on the basis of Plaintiff's [sic] sworn statement and support of claim." Motion to Dismiss at 3. They argued the suit should be dismissed because the elected officials were protected by immunity pursuant to R.C. 2744.02, and in the alternative, that the Bogans did not raise any facts or make any demonstration that the alleged actions (or inaction) of the elected officials gave rise to a legitimate cause of action.

{¶ 5} Ultimately, the trial court agreed with the auditor and prosecutor and granted their motion to dismiss. It reasoned that R.C. 5301.252 does not provide a procedure "to confer or obtain title to real property based on a sworn affidavit alone without some other evidence showing the affiant is entitled to the real property. Here, Plaintiffs failed to allege the existence of any type of written agreement, such as a land installment contract, or any other evidence demonstrating a lawful claim to the property in question." Decision and Entry at 8.

{¶ 6} The Bogans have filed a timely appeal.

**II.      Motion To Dismiss**

{¶ 7}   Though not explicitly expressed, we interpret the Bogans' argument to be that the trial court erred by dismissing their suit because they are entitled to ownership of some parcel of real property due to an affidavit filed in accordance with R.C. 5301.252. They further contend that the county auditor and prosecutor are liable for not "granting" them the property and for the alleged misconduct of their employees. We disagree on both accounts.

Standard of Review

{¶ 8} "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), tests the sufficiency of a complaint. In order to prevail, such a complaint must demonstrate that the plaintiff can prove no set of facts entitling him to relief." *Grover v. Bartsch*, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.). A reviewing court must construe the complaint in the light most favorable to the plaintiff, presume the factual allegations in the complaint to be true, and make all reasonable inferences in favor of the plaintiff. *Id.*

{¶ 9} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Duer v. Henderson*, 2d Dist. Miami No. 2009 CA 15, 2009-Ohio-6815, ¶ 68. That means the appellate court independently examines the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 13.

Immunity

{¶ 10} The first hurdle the Bogans must clear is that of immunity. "R.C. Chapter 2744, the Political Subdivision Tort Liability Act, sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and their employees. It establishes a three-step analysis for determining whether a political subdivision is immune from liability, starting with a broad rule that a political subdivision is generally not liable in damages." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 11. The second tier in the analysis focuses on exceptions to immunity found in R.C. 2744.02(B). The third tier, which is only relevant if any of the exceptions exist, assesses whether defenses to liability contained in R.C.

2744.03 apply to reinstate immunity. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 9.

{¶ 11} Immunity is also given to employees of political subdivisions. R.C. 2744.03(A)(6). For claims against an individual employee, the three-tiered analysis is not used. Instead, R.C. 2744.03(A)(6) notes that an employee is immune unless "(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." *Lambert* at ¶ 10.

{¶ 12} If an individual sues an elected official in his or her individual capacity, R.C. 2744.03(A)(6) applies and the official will be immune from suit unless the complainant can demonstrate that one of the exceptions from that subdivision applies. *Field v. Summit Cty. Child Support Agency*, 2016-Ohio-7026, 72 N.E.3d 165, ¶ 15 (9th Dist.). "[I]f the allegations are directed against the holder of an office in his official capacity, it is the equivalent of suing the political subdivision itself." *Thompson v. Buckeye Joint Vocational School Dist.,* 2016-Ohio-2804, 55 N.E.3d 1, ¶ 39 (5th Dist.).

{¶ 13} Even though the Bogans do not specify whether they are suing the auditor and the prosecutor in their individual or official capacities, the allegations involve either governmental action or inaction, and because of that, we will analyze their arguments as though they sued the elected officials in their official capacities.

{¶ 14} The first step in the analysis is to recognize that a political subdivision is

usually not liable in damages. *Supportive Solutions,* 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, at ¶ 11. Therefore, to be successful, the Bogans must demonstrate that:

(1) There was injury, death, or loss to person or property caused by the negligent operation of a motor vehicle by employees when they were engaged within the scope of their employment; or

(2) There was injury, death, or loss to person or property cause by the negligent performance or acts by employees with respect to proprietary functions; or

(3) There was injury, death, or loss to person or property caused by negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads; or

(4) There was injury, death, or loss to person or property caused by the negligence of employees that occurs within or on the grounds of, and is due to physical defects within the grounds of, buildings used in connection with the performance of governmental functions; or

(5) There was injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision.

R.C. 2744.02(B)(1)-(5). None of the exceptions applied in this case, as the only accusation made against the elected officials was that, on the recommendation of the prosecutor's office, the auditor's office did not give the Bogans a deed to real property based solely on an affidavit. The presumption of immunity is not overcome, and there is no need to proceed to the third step in the analysis.

{¶ 15} The result would be the same if the elected officials had been sued in their individual capacities. There is no evidence that their action or inaction was performed outside the scope of their employment or official responsibilities, or that they were exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. *See* R.C. 2744.03(A)(6).

{¶ 16} The elected officials are protected from suit by immunity. We therefore conclude that the trial court did not err when it granted the Civ.R. 12(B)(6) motion to dismiss; the Bogans failed to state a claim upon which relief could be granted.

<u>Affidavit</u>

{¶ 17} Even if the Bogans' claim withstood the immunity issue, they still failed to state a claim upon which relief could be granted. The gravamen of their argument seems to be that they should have been given title to the real property simply because an affidavit (which purportedly stated the property was theirs) was presented pursuant to R.C. 5301.252. This argument is unsupported by law.

{¶ 18} R.C. 5301.252 authorizes the recording of affidavits stating facts related to matters that may affect the title to real property, and when recorded, the document is evidence of the facts set forth. *Williams v. McClain*, 2d Dist. Montgomery No. 28475, 2019-Ohio-4802, ¶ 11. The statute further provides for the recording of such affidavits "as deeds are recorded." R.C. 5301.252(A)-(C).

{¶ 19} We recognize that the language of the statute could be confusing, especially the part that calls for the recording of an affidavit "as deeds are recorded," but we have previously explained that "[b]y providing for an R.C. 5301.252 affidavit to be recorded 'as

deeds are recorded,' the statute appears to mean 'in the same way' or 'in the same manner' that deeds are recorded." *Williams* at ¶ 11. This Court has also noted that an affidavit filed under the statute is *not* a deed and does not have the legal effect of a deed, and "in and of itself, creates no interest in the subject real estate." *Id. See also Catawba West, Inc. v. Domo*, 75 Ohio App.3d 80, 83, 598 N.E.2d 883 (6th Dist.1991); *Bradford v. Reid*, 126 Ohio App.3d 448, 453, 710 N.E.2d 761 (1st Dist.1998) (the filing of an affidavit creates no interest in the property). What an R.C. 5301.252 affidavit can do, though, is make extrinsic facts part of the record to help establish marketable title.

{¶ 20} In this case, it appears that the Bogans simply presented an affidavit and expected to get a deed or some other property interest in a piece of land. An affidavit does not create an interest in real property, and therefore the auditor and the prosecutor (or their employees) did not err when they refused to comply with the Bogans' wishes. Even taken in the light most favorable to the Bogans, there are no facts that would create civil liability on the part of the elected officials. We conclude, therefore, that the trial court did not err when it granted the motion to dismiss.

{¶ 21} Because the county auditor and prosecutor are immune from civil liability and because an affidavit filed pursuant to R.C. 5301.252 does not create a property interest in real property, the Bogans' assignment of error is overruled.

### III.    Conclusion

{¶ 22} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.