[Cite as *Bogan v. Montgomery Cty. Aud.*, 2024-Ohio-5942.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| WILLIAM BOGAN | : | |
| | : | |
| Appellant | : | C.A. No. 30226 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 03294 |
| | : | |
| MONTGOMERY COUNTY AUDITOR ET AL. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 20, 2024

. . . . . . . . . . .

WILLIAM BOGAN, Pro Se Appellant

MATHIAS H. HECK, JR., by NATHANIEL S. PETERSON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant William Bogan, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas that granted a motion to dismiss filed by Defendant-Appellee Karl Keith, Montgomery County Auditor. This appeal is virtually identical to a previous appeal brought by Bogan. *See Bogan v. Keith*, 2023-Ohio-4159

(2d Dist.) ("*Bogan I*"). Bogan fails to clearly enunciate his assignment of error in this appeal or to show how this appeal is substantively different from his previous appeal. Therefore, we will affirm the judgment of the trial court based on our decision in *Bogan I*.

I.      Facts and Course of Proceedings

{¶ 2} This appeal involves another civil action commenced by Bogan against Keith related to Keith's refusal to transfer real property when Bogan presented the Auditor's Office with an affidavit of facts relating to title. The trial court previously dismissed a complaint brought by Bogan involving this same issue. We affirmed the trial court's decision on direct appeal. *Bogan I*.

{¶ 3} On June 12, 2024, Bogan filed his latest complaint against Cochran Crew, LLC and Keith using a template provided by the Montgomery County Court of Common Pleas. In response to the template's question "What do you want from the Court?," Bogan stated, "To help resolve my issue with the county auditor's deputy misconduct for not reviewing my property interest instrument prior to being recorded with the county recorder's office." As a response to the template's next question, "What do you want to happen?," Bogan stated, verbatim, "If there isn't and agreement for my sworn statement not to be reviewed and recorded, for and lawsuit against the sureties of the county auditor's bond and my prayer amount thank you." The following documents were attached to Bogan's complaint: (1) "Mediation agreement," (2) a "Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards," (3) a 2010 IRS Form 1098 involving Cochran Crew LLC and William and Priscilla Bogan; (4) a "Deed

Transfer Department Correction Form," (5) a Montgomery County Real Estate Tax Bill, (6) a "Statement of Reason for Exemption From Real Property Conveyance Fee," and (7) a notarized "Affidavit relating to title" signed by Bogan.

{¶ 4} On June 25, 2024, Keith filed a motion to dismiss Bogan's latest complaint against him pursuant to Civ.R. 12(B)(6). According to Keith's motion, he was statutorily immune from liability and Bogan failed "to state a claim with facial plausibility" against him.

{¶ 5} On July 17, 2024, Bogan filed his response to Keith's motion to dismiss. Under a section entitled "LAW AND ANALYSIS," Bogan stated, in part, verbatim:

> To the extent as the Plaintiff I have proven R.C. 5301.252, by state law against Karl Keith, Montgomery County Auditor ("Defendant") for an civil tort liability, for a claim due to the county auditor deputy and prosecutor attorney office as the defendant's counsel failed to study R.C. 5301.252, as Plaintiff has stated an my claim upon which relief may be granted if there was agreement for my sworn statement to be examined prior to be recorded with the county recorder, and due to the county auditor office incompetence there liable for not performing their duties within R.C. 317.22.

{¶ 6} On July 25, 2024, the trial court granted Keith's motion to dismiss. The court cited as persuasive its analysis from its prior decision involving Bogan, which we affirmed on appeal in *Bogan I*. The trial court found that Bogan had "failed to plead sufficient and operative facts that relate to or support any claims for relief against Defendant Cochran Crew LLC. . . . The Court also agrees with the arguments and analysis set forth in the

Motion to Dismiss of Defendant Karl Keith, Montgomery County Auditor. The Court finds that Defendant Karl Keith is immune under R.C. 2744 et seq." Decision Granting Motion to Dismiss, p. 3.

{¶ 7} Bogan filed a timely notice of appeal from the trial court's July 25, 2024 judgment.

## II.    We Will Affirm the Trial Court's Decision Based on *Bogan I*

{¶ 8} It is unclear exactly what Bogan is arguing on appeal. Bogan stated the following, verbatim, under the section of his appellate brief entitled "LEGAL ANALYSIS, AN STATEMENT OF ASSIGNMENT OF ERROR":

> Within the trial court final judgement section law and analysis, the court noted that I did not state an claim of relief that could be granted or within my reply brief that I stated I did not state a form of relief but I did state within the introduction a form of relief, and also and my reply brief I didn't restate how I had documentation to prove my legal relationship with grantor Cochran crew LLC, and I ask for the court to take in consideration of my error's that or not misleading as the defendant Karl Keith's counsel opinion that stated that O.R.C. 5301.252, doesn't work see the introduction.

{¶ 9} Keith argues that "this appeal is yet another frivolous and duplicative filing." Appellee's Brief, p. 1. According to Keith, Bogan's claim that he is "entitled to ownership of a property due to an affidavit filed pursuant to R.C. 5301.252 is completely unsupported by Ohio law." *Id.* at 3. Further, Keith contends he "is afforded general statutory

immunity pursuant to R.C. 2744." *Id.* at 4. Therefore, Keith argues the trial court properly dismissed Bogan's complaint.

**{¶ 10}** When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 13 (2d Dist), citing *Ament v. Reassure Am. Life Ins. Co.*, 2009-Ohio-36, ¶ 60 (8th Dist.). Therefore, we review de novo the trial court's decision to grant a motion to dismiss. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 4-5.

**{¶ 11}** It appears Bogan is trying to re-litigate the same facts and legal arguments that we rejected in *Bogan I,* 2023-Ohio-4159 (2d Dist.). In short, Bogan continues to take issue with Keith's failure to transfer property despite Bogan's presenting Keith with an affidavit of facts relating to title. In our prior decision, we concluded that the trial court did not err in granting Keith's motion to dismiss the complaint because (1) Keith had immunity under R.C. 2744, and (2) Bogan was not entitled to receive title to real property simply because he presented an affidavit pursuant to R.C. 5301.252 to the Montgomery County Auditor. *Id.* at ¶ 16-17. Based on the record before us, we must affirm the trial court's dismissal of Bogan's complaint for the same reasons we expressed in *Bogan I*.

III. Conclusion

**{¶ 12}** Based on our reasoning in *Bogan I*, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.