## NOVOGRODER ET AL. *v.* DI PAOLA ET AL.

*Contracts — Sale of realty — Specific performance or cancellation — Cloud on title — Dual name by vendor.*

Two names were used by an owner of real estate, one as grantee of the premises in question and the other as vendor and grantor. *Held:* Such duplicity of names constitutes such cloud upon the title that the owner will be refused specific performance of a contract to sell such premises, where the contract called for a title free from clouds.

(Decided July 7, 1919.)

APPEAL: Court of Appeals for Cuyahoga county.

*Messrs. Scott, Bissell & Waterworth,* for plaintiffs.
*Mr. B. D. Nicola,* for defendants.

DUNLAP, J. This cause is here upon appeal. The suit as originally started was for an injunction to restrain the recording of deeds and asking for a cancellation of a certain contract for the transfer of lands. It resolves itself by virtue of the pleadings into a suit for specific performance, and we shall here treat the case as such a suit, the cross-petition of the defendants, Santo Di Paola and Angelina Di Paola, becoming virtually the petition in the case.

It will be sufficient for the purpose of this opinion to state that the answer to this cross-petition sets up as a defense that the Di Paolas are unable to carry out the terms of the contract in the respect that they are unable to comply with that provision of the contract which required the furnishing of a certificate of title showing the property free from

encumbrances, liens and clouds, excepting certain specified mortgages.

. The contention of Novogroder that a certain lease stands as a cloud upon the title, or did so stand at the time he filed his petition, is, we think, not well taken. Its cancellation was secured, as we think, within the time provided by the contract, with the extensions agreed upon, and this cloud upon the title was entirely removed before the filing of the cross-petition seeking specific performance. It had disappeared as completely as had the liens of certain judgments, which also required similar cancellation before they ceased to be clouds. While in our opinion this canceled lease gives rise to no bar to the granting of relief which a court of equity would be unable to pass, yet we do find a bar to the granting of this relief in another feature of this cause.

Di Paola, as the evidence shows, is a very illiterate man. One of his properties, which, by this contract, he was to exchange, was bought by him several years ago. He could not write his own name. He had learned from some one to write a very simple name, the name of "D. Sam," and finding it a convenient one he adopted that name for his business dealings, and when he bought this property took it in the name of "D. Sam." Nothing of this kind, however, showing the identity of D. Sam and Di Paola, appears upon the court or other records of this county. Later, he used his own name, Di Paola. The contract is drawn in the name of Di Paola without revealing that part of his property is in the name of D. Sam. Naturally, the abstract company was unable to certify that

the property was in the name of Di Paola when it was in the name of D. Sam, and an attempt was made to meet this difficulty by the drawing of a deed in which the name of the grantor appears as "Di Paola, sometimes known as D. Sam," the deed being signed "Di Paola."

In this shape the deeds from Di Paola to Novogroder were placed in escrow awaiting the time that the abstract company could certify the title to be in Di Paola, free and clear of all encumbrances, liens and clouds whatsoever, etc. While the trusted attorney for both parties knew that D. Sam and Di Paola were one and the same person, and was doubtless prepared to establish this fact in a court of equity, can it be said that this fact, unestablished by any court and not shown by any record at the time this cross-petition for specific performance was filed, did not constitute a cloud upon the title? It may be granted that the attorney who was entrusted with this work by both parties knew the fact, but his mere recital in the deed does not establish the fact. Under this situation the abstract company, as we have stated, would have found it impossible to certify this property in the name of Di Paola. Unquestionably a cloud here existed which has not been removed up to this day. If removed at all, it has only been by virtue of the evidence in the case as heard by this court. Bearing in mind that this suit was not brought for the purpose of quieting title or removing clouds, and that the equities of this case are to be determined as of the date of the filing of this suit, or at least as of the date of the answer and cross-petition asking for specific performance, have the Di

Paolas done sufficient in the way of tendering deeds free from clouds to entitle them to specific performance?

This contract was peculiarly worded; but it is not the province of the court to make contracts, but to enforce them. It is true that Novogroder may be captious, and his lawyers and his present counsel may be hypercritical, but if he contracted for a cloudless title he has a right to have a cloudless title. "D. Sam" looms as a cloud upon the horizon. Di Paola can not, by his mere word that he is D. Sam, contained in the deed, remove that cloud.

Such holding by a court of equity would be the establishment of a dangerous precedent, the dangers of which should be apparent and need not be pointed out. The grantee of property under this contract does not have to take such a deed simply because it is tendered. It is true no one rises up to claim the property as "D. Sam." It is true that in this case Di Paola swore that he was "D. Sam," but this only serves to accentuate the fact that this use of a name is a cloud upon this title, because it required evidence in a court to show that Di Paola and D. Sam were one and the same individual. The distinction between a cloud upon title and an encumbrance to title must at all times be borne in mind. Thus, some of the definitions of a cloud upon title are as follows:

"A cloud upon title is a title, or incumbrance, apparently valid, but in fact invalid." *Bissell & Adams* v. *Kellogg,* 60 Barb. (N. Y.), 617, 629; *Teal* v. *Collins,* 9 Ore., 89, 92, and *Goodkind* v. *Bartlett,* 136 Ill., 18, 21.

"A cloud upon one's title is something which shows *prima facie* some right of a third person to it." *Waterbury Savings Bank* v. *Lawler,* 46 Conn., 243, 245.

"A cloud upon a title is but an apparent defect * * * the density of the cloud can make no difference in the right to have it removed. Anything of this kind that has a tendency, even in a slight degree, to cast doubt upon the owner's title, and to stand in the way of a full and free exercise of his ownership, is * * * a cloud upon his title which the law should recognize and remove." *Whitney* v. *City of Port Huron,* 88 Mich., 268, 272.

"A cloud on title is a title or encumbrance apparently valid, but in truth invalid. The test is: If an action should be brought based on the claim shown by the cloud, would the owner of the property have to offer evidence to defeat the claim?" *Haggart* v. *Land Co.,* 77 Ark., 527; *Pixley* v. *Huggins et al.,* 15 Cal., 127, and *Dailey* v. *Koepple,* 164 Ala., 317.

Where extrinsic facts are required to show invalidity, a cloud on title exists. *Allott* v. *Strawboard Co. et al.,* 237 Ill., 55.

In our opinion the situation presented by the case at bar discloses a cloud if the authorities which we have here quoted shall have weight in the consideration of this case. If this suit were based on a contract requiring simply a marketable title, the question which we would have to solve would be different. We do not feel like forcing this title on to the plaintiff in this case by the exercise of the equitable power of the court. We do

not think we ought to force upon him the possible necessity of defending this title, and perhaps establishing at some future time that Di Paola and D. Sam are one and the same person. We think that when the Di Paolas filed their answer and cross-petition asking for specific performance, such a condition existed that Novogroder had a right to refuse this title because of the existence of a cloud thereon, which was not removed, and because the deed tendered was not in accord with the contract.

For this reason specific performance will have to be refused and the prayer of the petition asking for a cancellation of the contract will be granted, the defendants to pay the costs.

*Judgment for plaintiffs.*

WASHBURN and VICKERY, JJ., concur.