DECISION AND JUDGMENT ENTRY
John Hawn appeals the Adams County Court of Common Pleas' judgment that quieted title to the plaintiffs' real estate, granted the plaintiffs and third party defendants the right to use an easement, and dismissed Hawn's counterclaim and third party complaint. Hawn asserts that the trial court did not issue a final appealable order because it failed to attach an exhibit. Because we find that the trial court disposed of all the issues and rights of the parties before it, and that its omission of the exhibit was merely a clerical mistake, we disagree. Hawn next asserts that the trial court did not have jurisdiction to determine the third party defendants' right to use the roadway. Because the issue was properly before the court based upon Hawn's complaint, we disagree. Hawn also argues that the trial court erred in determining the nature and scope of the easement. We disagree, because the record contains some competent, credible evidence supporting the trial court's findings regarding the nature and scope of the easement, and because the trial court did not act arbitrarily, unreasonably, or unconscionably in exercising its equitable jurisdiction. Hawn contends that the trial court erred in granting the Plaintiffs' action to quiet title to the easement, because he did not contest their right to the easement. We disagree, because the plaintiffs were entitled to relief regardless of Hawn's position. Finally, Hawn argues that the trial court erred in finding that he is further estopped from raising an argument that the plaintiffs did not grant the third party defendants an easement. However, to the extent that the trial court's finding constitutes error, it is harmless error, because Hawn was not estopped from introducing evidence regarding existence of the easement at trial. Accordingly, weoverrule each of Hawn's assignments of error and affirm the judgment of the trial court.
 I.
A landowner possessed a 78.96 acre tract of land in Adams County. In June of 1991, the landowner sold 6.019 acres of that tract to Hawn. In September of 1993, Robert and Linda Metz and James Gable (collectively, with Carol Gable, "the Plaintiffs") purchased the remaining 72.941 acres. The boundary between Hawn's tract and the Plaintiffs' tract is approximately the centerline of a private roadway. However, in some areas the roadway lays entirely on Hawn's property and in some areas it lays entirely on the Plaintiffs' property. The parties agree that the Plaintiffs and Hawn both have the right of ingress and egress across the entire roadway.
Shortly after Hawn purchased his 6.019 acre tract, he hired a saw-miller to log his property. As part of the logging, Hawn also had the saw-miller haul the resulting timber from his property via the roadway he shares with the Plaintiffs. After Hawn completed the logging of his property in 1994, the shared roadway fell into disrepair. Trees and logs fell across the roadway, growing brush and limbs encroached upon it, and the road became very rough due to improper drainage. Due to the condition of the roadway, the Plaintiffs did not have the reasonable use and enjoyment of the roadway to which they were entitled pursuant to their easement.
In 1999, the Plaintiffs granted Crownover Lumber Company ("Crownover") an easement to use the roadway to haul logs from their property. In exchange, Crownover agreed to improve the road by clearing and leveling it, thus making it passable. Crownover did not increase the width of the easement or the scope of its use. Crownover did not damage Hawn's property by clearing and leveling the roadway.
The Plaintiffs subsequently came to believe that Hawn claimed and had represented to others, including Crownover, that he owned the entire roadway. Specifically, the Plaintiffs learned that Hawn obtained a deed containing language that placed a cloud on their title. Additionally, the Plaintiffs obtained a copy of a letter that Hawn sent to Crownover in which he informed Crownover that it had to obtain written permission from him, for a price, in order to use the roadway. Therefore, the Plaintiffs filed a complaint against Hawn requesting an order quieting title to their half of the roadway and their easement to use the entire roadway.
Hawn filed an answer, together with a counterclaim against the Plaintiffs and a third party complaint against Crownover and Crownover's employee, Kelly Jones.[1] Hawn asserted that the Plaintiffs and Crownover entered onto his land and caused extensive damage to it.
The case proceeded to a bench trial, during which the trial court heard testimony from nine witnesses and accepted forty-one exhibits into evidence. Ultimately, the trial court issued a final appealable order in which it granted quiet title to the Plaintiffs. Additionally, the trial court determined that Hawn was not entitled to compensation for the trees that Crownover removed when clearing the easement, and that Crownover is entitled to use the easement in the manner agreed to by the Plaintiffs. Hawn timely appeals, presenting the following issues for our review:
"The failure of a party to raise the issue of the existence of an easement by discovery will not preclude said party from raising issue at trial by reason of the doctrine of estoppel.
"A judgment which fails to contain an exhibit which is referred to as being attached is incomplete as to the extent of the relief being granted and may not be supplemented by subsequent references to the record.
"Where plaintiffs and third party defendants file a joint answer to a counter claim and third party complaint of defendant and do not seek any affirmative relief beyond that of plaintiffs' complaint, the trial court does not have the authority to grant relief which was not sought.
"Where the description of real estate in a deed is in such terms that the extent and location of the same can be seen and located, an incorrect reading or interpretation of the same by plaintiffs will not support their action to quiet title.
"Parties who have an interest in a common roadway or easement between their real estate and that of an adjoining landowner can not give an easement to a third party including the right to widen it and remove trees along the same without the consent of the adjoining landowner."
We treat each of Hawn's issues presented for our review as assignments of error. In the interest of clarity, we consider the assignments in a different order than Hawn presented.
 II.
We first consider Hawn's second assignment of error, in which he challenges our jurisdiction over this case. Hawn notes that the trial court failed to attach an exhibit to its judgment entry that the court referred to as being attached, and asserts that the court's omission leaves material issues unresolved among the parties.
In paragraph three of its judgment entry, the trial court found that the boundary between the Plaintiffs' and Hawn's properties, which lies approximately at the centerline of the roadway, is described with particularity "in the survey by Ty Pell, which is attached hereto as Exhibit A and incorporated herein as if fully rewritten." The trial court did not attach any exhibits to its judgment entry. Hawn contends that the trial court's failure to attach the survey leaves uncertainties among the parties as to the centerline of the roadway, therefore rendering the trial court's judgment not a final appealable order.
An order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). We do not have jurisdiction to review a judgment that is not taken from a final appealable order. Whitaker-Merrell v. GeupelConstr. Co. (1972), 29 Ohio St.2d 184, 186.
Trial courts possess the power, both inherently and pursuant to Civ.R.60(A), to correct clerical errors in their judgments in order to make the record reflect the truth. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97,100; Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247. Clerical mistakes are mechanical in nature, apparent on the record, and may be described as "blunders in execution." Kuehn at 247; Dentsply Int'l. v. Kostas (1985),26 Ohio App.3d 116.
In this case, the "survey by Ty Pell" is readily identifiable in the record as an exhibit introduced at trial and accepted into evidence. The survey was identified during the testimony of Ty Pell, and it is labeled "Centerline Survey for Crownover Lumber Co.; Ty R. Pell Assoc." Hawn does not suggest that any other survey with similar characteristics exists, and our review of the record reveals no confusion regarding which survey the trial court was referring to in its judgment.
We find that the Ty Pell survey identifies the centerline of the roadway, and thus determines the rights of the parties as required for a final appealable order. Additionally, we find that the trial court's failure to attach the survey to its judgment constitutes a mechanical error that is apparent from the record. Thus, the omission was merely a clerical mistake as defined by Civ.R. 60(A). Pursuant to our authority as outlined by App.R. 12(A)(1)(a), we modify the trial court's judgment to include the Ty Pell survey as "Exhibit A."
Thus, we find that the trial court's judgment determines the rights of the parties. Accordingly, we overrule Hawn's second assignment of error.
 III.
In his third assignment of error, Hawn challenges the trial court's authority or jurisdiction to grant Crownover the right to use the roadway in the manner agreed to by the Plaintiffs. Hawn contends that because the Plaintiffs and Crownover did not seek any affirmative relief against him, the trial court exceeded its jurisdiction when it granted affirmative relief to Crownover.
When a party invokes the trial court's equitable jurisdiction, the trial court possesses discretionary authority to weigh the parties' competing interests and exact an equitable division of their property rights. Murray v. Lyon (1994), 95 Ohio App.3d 215, 221, citing Ohio PowerCo. v. Bauer (1989), 60 Ohio App.3d 57, 59-60. We will not reverse a determination rendered pursuant to the court's equity jurisdiction absent an abuse of discretion. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
In this case, Hawn invoked the trial court's equitable jurisdiction by seeking an injunction preventing the Plaintiffs and Crownover from trespassing upon "his real estate." Specifically, Hawn sought to enjoin the Plaintiffs and Crownover from entering his property and making improvements to the roadway, which he alleged caused damage to his property. In their answer, the Plaintiffs and Crownover denied causing damage to Hawn's property, and asked the court to dismiss Hawn's complaint and grant "all other relief which shall be proper."
Contrary to Hawn's assertion, Hawn placed the question of whether Crownover possessed the right to use the easement before the court when he sought an injunction against Crownover. The trial court properly weighed the parties' competing interests and determined that, based upon the Plaintiffs' agreement with Crownover, Crownover does possess the right to use the easement. The trial court did not exceed its authority by determining the rights of the parties relative to the property at issue. Thus, the trial court did not err in finding that Crownover shall be permitted to use the roadway in the manner agreed to by the Plaintiffs.
Accordingly, we overrule Hawn's third assignment of error.
 IV.
In his fifth assignment of error, Hawn contends that the trial court erred in ruling that the Plaintiffs are permitted, pursuant to the easement, to grant Crownover permission to use and maintain the easement. Hawn contends that the trial court's ruling permits the Plaintiffs: (1) to increase the burden of the easement on his real estate by allowing Crownover to use the roadway, and (2) to materially enlarge the easement by allowing the Plaintiffs and Crownover to clear trees and brush from both sides of the roadway. Hawn appears to be asserting that the trial court's determinations regarding the permissible uses of the easement and the dimensions of the easement are against the manifest weight of the evidence.
A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact.Myers v. Garson (1993), 66 Ohio St.3d 610, 614; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
An easement is an interest in the land of another, created by prescription or express or implied grant, that entitles the owner of the easement, the dominant estate, to a limited use of the land in which the interest exists, the servient estate. Alban v. R.K. Co. (1968),15 Ohio St.2d 229, 231; Yeager v. Tuning (1908), 79 Ohio St. 121, 124;Wray v. Wymer (1991), 77 Ohio App.3d 122, 130. The grant of an easement includes the grant of all things necessary for the dominant estate to use and enjoy the easement. Day, Williams Co. v. RR. Co. (1884),41 Ohio St. 392; Roebuck v. Columbia Gas Transm. Corp. (1977),57 Ohio App.2d 217, 224; Turner v. Nichols (Nov. 20, 1998), Washington App. No. 97CA41, unreported. Thus, in determining the nature and extent of an easement, including its dimensions, the court should construe the easement in a manner that permits the dominant estate to carry out its purpose. Alban at 233.
In this case, the trial court found that the Plaintiffs did not increase the scope of use of the roadway by allowing Crownover to use the roadway. Some competent, credible evidence supports this finding. Specifically, the record contains testimony that Hawn had previously hired a saw-miller to use the roadway for hauling timber away from his property, precisely the use contemplated by the Plaintiffs and Crownover.
Additionally, the record contains testimony establishing that Crownover only cleared trees from Hawn's property to the extent necessary to make the roadway passable. Thus, the record contains some competent, credible evidence to support the trial court's finding that Crownover did not increase the width of the easement.
Because the record contains some competent, credible evidence supporting the trial court's findings regarding the scope of use and the width of the easement, we find no error. Accordingly, we overrule Hawn's fifth assignment of error.
 V.
In his fourth assignment of error, Hawn asserts that the trial court erred in granting Plaintiffs' complaint for quiet title, because no cloud on their title existed. Hawn contends that the Plaintiffs failed to meet their burden of proving that he placed a cloud on their title. We construe Hawn's argument as a claim that the trial court's judgment is against the manifest weight of the evidence. As noted above, a trial court's judgment will not be reversed as being against the manifest weight of the evidence as long as some competent, credible evidence in the record supports it. C.E. Morris Co., 54 Ohio St.2d 279, syllabus.
R.C. 5303.01 provides that a person in possession of real estate may seek to quiet title against a person who claims an interest adverse to his possession. The adverse interest may be a title or an encumbrance that, though invalid, appears to be valid. Novogroder v. DiPaola (1919),11 Ohio App. 374, 377. "Anything of this kind that has a tendency, even of a slight degree, to cast doubt upon the owner's title [constitutes] * * * a cloud upon the title." Novogroder at 378, quoting Whitney v. PortHuron (Mich.App. 1891), 88 Mich. 268, 272. See, also, Meerhoff v.Huntington Mortgage Co. (1995), 103 Ohio App.3d 164, 168 (holding that the "density" of the cloud is irrelevant, as a plaintiff has a right to remove any cloud, however minor or inconsequential.)
In this case, Hawn possesses a deed that contained the following language:
 "It is the further intent of the grantor to remise, release and forever quit claim unto the grantee all rights to the premises that he had heretofore occupied as a strip of land between east side of the old road and west side of the above survey with said strip running from the top of hill by old road to the bottom of hill by creek."
Robert Metz testified at trial that he believed this language purported that Hawn owned the entire roadway, instead of only half of the roadway. Thus, Metz testimony established that this language created some confusion regarding which road and strip of land are being referred to in Hawn's deed. Hawn explained at trial that he knows what the language refers to because he is a licensed real estate broker and because someone showed him which road is referenced. However, even Hawn refers to the deed as "questionable" in his brief. Hawn asserts that his testimony clarified the questionable language and placed the language in its "proper perspective," thus leaving no cloud on the Plaintiffs' title.
We find the record contains some competent, credible evidence supporting the trial court's finding that this language, at least to a slight degree, casts doubt upon the Plaintiffs' title. In fact, even Hawn's testimony indicates that his deed may require clarification. Moreover we note that, to the extent that the trial court erred in quieting title with the Plaintiffs, Hawn suffered no harm, as he admittedly has no valid interest in the title.
Accordingly, we overrule Hawn's fourth assignment of error.
 VI.
In his first assignment of error, Hawn asserts that the trial court erred in finding that he is precluded by estoppel from raising at trial the issue of whether Crownover possesses an easement. In its findings, the trial court stated "[Hawn] is further estopped from raising the issue of existence of an easement between Plaintiff[s] and Third Party Defendants due to failure to raise the issue in discovery." Hawn asserts that the Plaintiffs and Crownover did not raise estoppel as a defense at trial, and that therefore he cannot be estopped from challenging the existence of the easement between Plaintiffs and Crownover.
The Plaintiffs and Crownover concede that they did not raise the issue of estoppel at trial. They assert, however, that the trial court's finding regarding estoppel bears no relevance because Hawn was not in fact estopped from raising issue with the existence of the easement at trial. The Plaintiffs and Crownover presented testimony at trial that the Plaintiffs granted Crownover permission to use the easement in exchange for Crownover clearing and leveling it. Hawn did not proffer any evidence to suggest that the Plaintiffs did not grant Crownover permission to use the easement.
Because Hawn was not in fact estopped from challenging the existence of an agreement between the Plaintiffs and Crownover at trial, the trial court's finding of estoppel caused Hawn no harm. Additionally, we note that the language of the trial court's finding states that Hawn is "further estopped." This language appears to indicate the trial court's belief that Hawn is prohibited from raising the issue in the future. We note that the doctrine of res judicata may indeed prevent Hawn from raising issues in the future that he failed to raise at trial. See Rogersv. Whitehall (1986), 25 Ohio St.3d 67, 69; Goodson v. McDonough PowerEquipment, Inc. (1983), 2 Ohio St.3d 193. Thus, the trial court's finding, though perhaps imprecisely worded and unnecessary, caused Hawn no harm.
Accordingly, we overrule Hawn's first assignment of error.
 VII.
In conclusion, we overrule each of Hawn's assignments of error. We modify the trial court's judgment to include the Ty Pell survey as an attachment labeled "Exhibit A." In all other respects, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED AS MODIFIED.
[1] The trial court found that Kelly Jones was at all times relevant to this matter acting within the scope of his employment with Crownover, and Hawn does not contest this finding. Therefore, heretofore "Crownover" refers to both Crownover Lumber Company and Kelly Jones.